348 So.2d 902 (1977)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
OOLITE ROCK COMPANY, a Partnership, Appellee.
No. 76-2079.
District Court of Appeal of Florida, Third District.
June 28, 1977.
Rehearing Denied August 26, 1977.
*903 Stuart L. Simon, County Atty., Murray A. Greenberg and R.A. Cuevas, Jr., Asst. County Attys., for appellant.
Richard H.M. Swann, Hall & Hedrick and M. Lewis Hall, Jr., Miami, for appellee.
Before HUBBART, J., and CHARLES CARROLL (Ret.) and LESTER, M. IGNATIUS, Associate Judges.
PER CURIAM.
Dade County appeals from a judgment against it for an attorney's fee for the appellee, a defendant in an eminent domain proceeding, contending the fee award was excessive. For the reasons stated herein we hold the appellant's contention as to excessiveness of the fee allowance has merit. The order charging costs against Dade County, which also was challenged by the appellant, we hold was properly entered.
This matter previously was before this court on an appeal by the county from attorney's fee awards which were made initially in favor of this appellee Oolite Rock Company and another defendant, John T. MacDonald Foundation. On that appeal this court held the fees then allowed were "substantially beyond the bounds of a reasonable discretion, and were clearly excessive" and remanded the cause "to permit the trial court to set quantum meruit attorney's fee for the said defendants that are realistic and reasonable in amount based on proper guidelines applicable to and as reflected by the circumstances of this case". See Dade County v. Oolite Rock Company, 311 So.2d 699 (Fla. 3d DCA, 1975).
Following a subsequent hearing, the trial court awarded an attorney's fee of $29,000 to the appellee Oolite and entered judgment thereon against the county, and entered the separate order on costs. A settlement between the county and the MacDonald Foundation, as to attorney's fee for the latter, obviated necessity for the court to make a fee award for that defendant.
The nature and circumstances of the eminent domain case, and the kind and character of the legal services performed by attorneys for Oolite prior to the voluntary dismissal of the proceeding by the county, are set forth in the opinion in Dade County v. Oolite Rock Company, supra (Oolite One, herein), to which reference is here made, and such matters will not be repeated here.
We affirm the charging of the costs against the county. There was no necessity for additional costs to be incurred in the proceeding subsequent to the mandate in Oolite One, since the trial court could have made a revised fee allowance without the need for any further discovery depositions or evidence. However, this court left the matter open for the trial court to proceed or *904 permit the parties to proceed as the court should choose. Therefore, the costs incurred which were approved and allowed by the trial court, must be borne by the county as the condemnor, as required by law in such actions.
Regarding the fee allowance, we hold the fee award of $29,000 was excessive to such extent as to constitute an abuse of discretion, after giving due consideration to the guidelines and standards applicable to such awards, as bearing on this case.[1] We base this holding on several grounds which apply to the situation presented by this case.
A basic factor which made the fee award excessive is that the work for which it was allowed was not of a kind or type of legal work for which a fee in such amount would be reasonable or justified. Here the fee awarded for 66 hours of legal work which was of low rather than of high cost type, amounted to an allowance of $439 per hour therefor. It is common knowledge that various types of legal work command differing scales of compensation. The work involved here consisted of time spent in conferences, making investigations and in taking and attending the taking of discovery depositions and the filing of an answer, preliminary to a pre-trial hearing on the question of the necessity of the county for the taking of the party's land for a public park (which hearing was not held by reason of the prior voluntary dismissal of the proceeding by the county, the condemnor). As stated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir., 1974); "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it". Taking a discovery deposition or attending a discovery deposition being taken by some other party usually is handled by a junior member of a firm. If a senior partner or head of a firm wishes to do such work himself, the fact that he does so does not raise its type level. For that and time conferring with his client or with others with reference to a case, it is self-evident that for a lawyer to charge his client a fee at a rate of $439 per hour would be grossly excessive. With reference to the required pleading, an answer simply announcing the defendant's denial or challenge of the county's necessity to take its property for park purposes would, as it did in this case, operate to place the burden on the condemnor, prior to trial, to prove such reasonable necessity. See Oolite One, footnote 2 (311 So.2d at 701). As pointed out in Oolite One, in view of the county's voluntary dismissal of the action (which was without prejudice) prior to any such preliminary or pre-trial hearing, the effort of the appellee to claim that the above-referred to work of its attorney resulted in a "recovery", is without basis. Insistence by appellee's attorney that the voluntary dismissal without prejudice by the county prior to hearing on the merits is the equivalent in law of an adjudication in favor of the defendant on the merits, cannot make it so, when under the law it is not.
Oolite was entitled to award of a fee in an amount which would be reasonable to be paid by such a client to its attorney on a quantum meruit basis for the legal work which was involved, predicated on a rate of charge or fee scale for such work that is customary in the community. In Oolite One and in the earlier case of Manatee County v. Harbor Ventures, Inc., 305 So.2d 299, 301 (Fla. 2d DCA, 1975) this court and the Second District Court of Appeal stated that when a party is required and ordered to pay a reasonable sum as fee or compensation for the services of the attorney for an opposing party, the fee awarded should be such amount as could reasonably be expected would properly be charged by the lawyer to the client and paid by the client, *905 if by law the latter rather than his adversary was required to pay the same.
While the reasonableness of a fee should not necessarily be determined by the amount it represents per hour for the work done, it is evident that work of the kind involved here, regardless of who performed it, could not reasonably demand compensation of $439 per hour. The fee allowed by the trial court was substantially greater than it is considered would customarily be charged to a client for the work involved. In this case, incident to the hearing on which the fee was allowed, a lawyer testifying for the fee claimant, of experience and legal standing comparable to the best, although testifying that his rate of charge was $150 per hour, recommended that Oolite's attorney be paid by the county $35,000, which amounted to in excess of $500 per hour, for the work of the kind involved here.
The county, as appellant, argued that this court in Oolite One had made it the law of the case that a fee of $200 per hour was appropriate to be allowed. This court did not so rule, as the law of the case, although in Oolite One, in commenting on the testimony of a witness for the county who had said that a fee in that amount would be proper, this court stated that a fee in such amount would appear to have been reasonable and even generous for the services in this case (311 So.2d at 707, footnote 10).
Although it is repetitious, we again state and emphasize that in making awards of attorney fees which by contract or by law are required to be paid by one party for the services of the attorneys of an opposing party in a case, the award should not be for more than the rate or amount customarily charged and paid between attorney and client in the community for services of the kind that are involved. Tendency of a court to award substantially more, even when the payment is to be made out of public funds, which is not without example, is to be avoided. For a lawyer to charge a client or seek to obtain a court award of a fee substantially in excess of that which by custom in the community he could reasonably expect his client to pay, while not unethical, is unseemly. Cf. Canon 2 DR 2-106(A), Code of Professional Responsibility. The same applies to attorneys testifying in aid of the fee applicant. Brickell v. Di-Pietro, 152 Fla. 429, 12 So.2d 782 (1943).
On appeal from an award of attorney's fee, when the court determines the fee awarded is excessive so as to be beyond the bounds of reasonable discretion, the appellate court may reverse the award and remand the matter to the trial court for reconsideration and reassessment, as was done on the earlier appeal in this case, or may amend the judgment by reducing the fee award to an amount which the court shall determine to be not more than is reasonable and proper in the circumstances of the case. Here, for the reasons stated, the judgment awarding the attorney's fee is amended by reducing the amount thereof from $29,000 to $14,000. The judgment as thus amended is affirmed. The order or judgment for costs is affirmed.
It is so ordered.
NOTES
[1] See Canon 2 of the Code of Professional Responsibility, DR 2-106(B); Oolite One (311 So.2d at 702); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).