SCHWARTZ, Judge.
The petitioner Rubin, an attorney, represented without fee an indigent named Lay-field, who was charged with first degree murder. The trial court declared Layfield indigent for costs with a cap of $750.00. Rubin expended a sum in excess of that amount[1] before Layfield pied guilty to *138 second degree murder and aggravated battery in September, 1979. Rubin did not move for an order of reimbursement, however, until April, 1981. In the order now under review, the trial court denied the application on the sole ground that it was untimely filed. We treat the present appeal as a petition for certiorari[2] and quash the order below.
In the total absence of a showing that the appellee Dade County, which is ultimately responsible for the costs, has been prejudiced or its interests adversely affected in any way by the passage of time, a mere, thus-irrelevant delay in seeking payment affords no reason for denying Rubin the relief to which he became entitled by order of court. See Roberts v. Askew, 260 So.2d 492, 494 (Fla.1972); City of Miami v. Carter, 105 So.2d 5, 14 (Fla.1958). For this reason, the trial court is directed to enter an order certifying that $750.00 should be paid to Rubin as taxable costs.
Certiorari granted.

. Although Rubin paid over $1,400.00 in costs he now claims entitlement only to the $750.00 authorized by the court.

. See Daniel v. State, 309 So.2d 248 (Fla. 4th DCA 1975).