431 So.2d 687 (1983)
MERCY HOSPITAL, INC., Appellant,
v.
Wyatt JOHNSON, Appellee.
Nos. 82-1272, 82-2494.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Rehearing Denied June 10, 1983.
*688 Neill, Griffin, Jeffries & Lloyd and Harold G. Melville, Fort Pierce; Mershon, Sawyer, Johnston, Dunwoody & Cole and Jeffrey Surlas, Miami, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
When the parties last appeared before this court, we remanded the cause for a new trial "with directions that Mercy Hospital, Inc. is entitled to recover the fees at issue paid to Johnson, less the amount of fees which Johnson establishes are due to him under a quantum meruit theory." Mercy Hospital, Inc. v. Johnson, 390 So.2d 103 (Fla. 3d DCA 1980). Upon remand, the trial court permitted Johnson to retain as special legal fees the sums of $60,000, $125,000, and $243,600 for services rendered in the negotiation of three loans. That decision is one of the subjects of these appeals. We reverse.
In deciding upon amounts to be awarded as attorney's fees, a trial court must consider not only the reasonableness of the fees charged but the appropriateness of the number of hours counsel engaged in performing his services as well. The court should review the nature of the services rendered and the necessity for their performance, along with the reasonableness of the charges. Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964). Johnson's failure to present detailed evidence of his services is fatal to his claim. In re Estate of Lopez, 410 So.2d 618 (Fla. 4th DCA 1982); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981); Nevins v. Nevins, 312 So.2d 201 (Fla. 2d DCA 1975). The opinion of an expert witness does not constitute proof that the facts necessary to support the conclusion exist. Arkin Construction Co. v. Simpkins, 99 So.2d 557 (Fla. 1957).
The expert testimony presented to the trial court concerning the reasonableness of the fees charged accepted as correct the number of hours Johnson claimed he spent performing legal services on behalf of Mercy Hospital. The court heard neither testimony nor competent evidence detailing the nature of the services performed. To support his testimony, Johnson offered a written statement, admitted over objection, describing in general terms what he achieved but offering no details to enlighten the court as to the manner in which he performed his obligation. Johnson's written statement constituted hearsay, Florida Evidence Code, section 90.801(1)(c), as amended by Chapter 81-93, section 2, Laws of Florida, and was therefore inadmissible.
Johnson's claim was predicated upon the number of hours he worked, a number we find inherently incredible. Johnson contended that he spent a total of 5,563.34 hours solely in the negotiation of the three *689 loans in question. In order to reach the asserted number of hours, Johnson would have had to work 162 five-day weeks consisting of seven-hour days on the three loans exclusively. We find this representation to be highly improbable. See Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930).[*] Johnson explained his failure to introduce time and expense records by asserting that he had been required to deliver those records to the Florida Bar in connection with an investigation it conducted. The record, however, contains a receipt indicating that Johnson's records were returned to him by the Florida Bar. Furthermore, the court erred in considering the Florida Bar Referee's Report because the referee's inquiry was irrelevant to the question of quantum meruit recovery before the court and contained hearsay.
Our reversal of the final judgment renders premature a decision concerning entitlement to costs by the prevailing party, whose identity will not be established until retrial. We therefore vacate the award of costs and expert witness fees assessed by the trial court in favor of Johnson. Mercy Hospital, however, is entitled to obtain its trial costs stemming from the earlier trial. Delay without prejudice is an insufficient basis for their denial. Rubin v. Dade County, 413 So.2d 137 (Fla. 3d DCA 1982).
The total absence of detailed records precludes our reducing Johnson's award. Dade County v. Oolite Rock Co., 348 So.2d 902 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 133 (Fla. 1978). Accordingly, we reverse and remand for a new trial.
NOTES
[*] Included in the $243,600 fee are sums Johnson describes as costs. We reject as unsupportable under any theory the finding implicit in the trial court's decision that Johnson's purchase of beachfront property for $90,000 to $95,000 constituted a necessary cost in connection with refinancing the hospital's loan.