710 So.2d 166 (1998)
COHEN & COHEN, P.A., Appellant,
v.
Roland Pierre ANGRAND, Appellee.
No. 97-728.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Cohen & Cohen and Samuel J. Simon, Miami Beach; St. Louis, Guerra & Auslander and Charles M. Auslander, Miami, for appellant.
Daryl L. Merl and Arnold R. Ginsberg, Miami, for appellee.
*167 Before COPE, FLETCHER and SORONDO, JJ.
COPE, Judge.
The law firm of Cohen & Cohen, P.A., appeals an order confirming a general master's report which denied the law firm's charging lien. We reverse.
In 1985, the law firm undertook to represent appellee Roland Angrand as plaintiff in wrongful death litigation arising out of the death of plaintiff's wife through medical malpractice. In 1985, the law firm filed suit against an initial group of defendants (case number one). In 1987, the law firm filed suit against second group of defendants (case number two) and, because of uncertainties surrounding medical malpractice screening requirements, later in 1987 filed a backup action (case number three) against the same defendants as case number two. For present purposes, case number three can be ignored.
In 1990, Angrand discharged the law firm without cause. The law firm filed a charging lien which, through typographical error, contained the "85" prefix from case number one, but the suffix case number from case number two. The circuit court clerk detected the case numbering error and filed the charging lien in case number one. Late in 1990, all three cases were consolidated under the case number for case number one.
In 1991, a settlement was achieved for $500,000 covering one defendant in case number one and one defendant in case number two. Later in 1991, Angrand recovered judgment against Dr. Michael Key, a defendant in case number two. Dr. Key appealed and obtained a reversal. See Angrand v. Key, 657 So.2d 1146, 1149-50 (Fla.1995). In 1995 and 1996, the law firm filed amended, and second amended, notices of charging lien under all three case numbers. Thereafter, a settlement was achieved with Dr. Key for $500,000.
The law firm sought enforcement of its charging lien, and the matter was referred to the general master for hearing. At the conclusion of the law firm's case, the general master on his own motion announced that he would recommend denial of the law firm's charging lien. The general master ruled that the 1990 charging lien was ineffective because of the typographical error in the case number which combined the prefix from case number one and the suffix from case number two. In the general master's view, this placed the lien in an incorrect or nonexistent case and rendered the charging lien a nullity. We disagree. The obvious intent of the notice of charging lien was to cover both case number one and case number two. There is no claim that any of the parties was misled or failed to receive notice. In the absence of a viable claim that anyone was misled, we think that the 1990 notice of charging lien was viable and entitled to enforcement.[1]
The general master ruled alternatively that the charging lien failed for want of proof. The law firm had not maintained contemporaneous time records but instead relied on a reconstruction of time records. The reconstructed time records were admitted into evidence without objection.
The general master ruled that the reconstructed time records must be disregarded because the attorney who prepared the reconstruction was not offered as a witness at the hearing, and had not personally worked on the case.[2] We disagree.
*168 Where attorneys have not kept contemporaneous time records, it is permissible for a reconstruction of time to be prepared. See City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1985). See generally § 90.956, Fla. Stat. (1997) (evidence code provision governing summaries). Here, the law firm prepared a detailed reconstruction, giving the date, activity performed, and time expended for each of the firm's activities during its five years of representation of Angrand. When the reconstruction of time was offered into evidence, there was no objection by Angrand. That being so, any evidentiary objection was waived, and the time reconstruction was properly before the court.
In rejecting the reconstruction, the general master relied on Mercy Hospital, Inc. v. Johnson, 431 So.2d 687 (Fla. 3d DCA 1983), but that case does not apply here. In Mercy Hospital, the attorney made what this court described as the "inherently incredible" claim that he had spent 5563 hours in the negotiation of three loans. See id. at 688. The attorney failed to present detailed evidence of his services, and this court held that omission to be "fatal to his claim." Id. at 688 (citations omitted). In the present case, by contrast, the summary is very detailed and sets forth the date, activity, and time expended for each of the activities documented in the file. There is a sufficient level of detail to allow a determination of whether each activity was reasonably necessary, and whether the time allocation for each was reasonable.
Angrand argues that there was a failure of proof because the expert witness for the law firm testified that the legal work should be compensated at the rate of $250 per hour instead of allocating lower hourly rates for associates or junior personnel who work from the file.[3] That argument goes to the weight of the evidence, but does not justify total denial of an attorney's fee. We note that the general master denied relief at the conclusion of the law firm's case, and before presentation of evidence by Angrand. Angrand is, of course, free to present evidence on all points, including the question of reasonable hourly rate.
For the reasons stated, we conclude that the general master should not have denied the law firm's claim. As the proceedings were prematurely terminated at the conclusion of the law firm's case, the cause is remanded with directions to return the case to the general master for further proceedings consistent herewith.
NOTES
[1] The general master also ruled that the amended, and second amended, notices of charging lien were ineffective with regard to the settlement with Dr. Key, because the amended and second amended notices were not filed until after judgment was entered against Dr. Key. The master relied on Citizens and Peoples National Bank Pensacola v. Futch, 650 So.2d 1008 (Fla. 1st DCA 1994), which states that "[t]he attorney's charging lien must be filed before the case goes to final judgment or is dismissed." Id. at 1015 (citation omitted). In this case, however, there was a reversal of the judgment, see Angrand v. Key, 657 So.2d at 1149, and remand for a new trial on damages. See id. The effect was to vacate the final judgment. That being so, the amended, and second amended, notices of charging lien were timely because they were filed prior to the settlement which was entered into on remand.
[2] One of the attorneys who did work on the case testified at trial that the reconstruction was accurate as far as his own work was concerned.
[3] The law firm requested compensation based on quantum meruit.