736 So.2d 745 (1999)
Eileen M. BRAKE, Appellant,
v.
Eve E. MURPHY, et al., Appellees.
No. 98-2887.
District Court of Appeal of Florida, Third District.
June 23, 1999.
Rehearing Denied August 18, 1999.
*746 Robert M. Brake, Coral Gables, for appellant.
James, Zimmerman, Paul & Huddleston and Harlan L. Paul, Deland; Richard T. Kozek, Miami, for appellees.
Before NESBITT, JORGENSON, and LEVY, JJ.
NESBITT, Judge.
The former personal representative of the Estate of Eileen E. Murphy, who was removed in 1990 for conflict of interest, challenges an order granting attorney fees to two residuary beneficiaries of the Estate and appeals the order striking her request for a default against a successor personal representative.[1] We reverse the *747 order granting fees to the two residuary beneficiaries. We find the balance of the issues raised in this appeal to be without merit.
Based on the testimony of attorney Joseph Murphy, Jr., limited reconstructed records and the pleadings before her, the trial judge awarded beneficiaries Eve and Richard Murphy the fees for 2,219.50 hours of work by Joseph Murphy, Jr., at $175.00 an hour, for a total of $388,412.50. As to this award, we conclude that the Murphys failed to prove their case in at least two critical respects.
First, no expert testified as to the appropriateness of the fees sought, but rather the only testimony was that of Joseph Murphy, Jr.[2], himself; furthermore, there was no stipulation in the record providing for such procedure. The case law is clear that fees cannot be assessed based solely on the testimony of the attorney claiming the fee, but rather expert testimony must be offered substantiating the fee. See Tanner v. Tanner, 391 So.2d 305 (Fla. 4th DCA 1980); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979); Benitez v. Benitez, 337 So.2d 408 (Fla. 4th DCA 1976).
Second, while proof by way of contemporaneous records is not imperative, something more than wild guesses are necessary to support an award of fees based on reconstructed records. As we recently stated in Cohen & Cohen v. Angrand, 710 So.2d 166, 168 (Fla. 3d DCA 1998):
Where attorneys have not kept contemporaneous time records, it is permissible for a reconstruction of time to be prepared. See City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1985). See generally § 90.956, Fla. Stat. (1997) (evidence code provision governing summaries). Here, the law firm prepared a detailed reconstruction, giving the date, activity performed, and time expended for each of the firm's activities during its five years of representation of Angrand. When the reconstruction of time was offered into evidence, there was no objection by Angrand. That being so, any evidentiary objection was waived, and the time reconstruction was properly before the court.
In rejecting the reconstruction, the general master relied on Mercy Hospital, Inc. v. Johnson, 431 So.2d 687 (Fla. 3d DCA 1983), but that case does not apply here. In Mercy Hospital, the attorney made what this court described as the "inherently incredible" claim that he had spent 5563 hours in the negotiation of three loans. See id. at 688. The attorney failed to present detailed evidence of his services, and this court held that omission to be "fatal to his claim." Id. at 688 (citations omitted). In the present case, by contrast, the summary is very detailed and sets forth the date, activity, and time expended for each of the activities documented in the file. There is a sufficient level of detail to allow a determination of whether each activity was reasonably necessary, and whether the time allocation for each was reasonable. (Emphasis added.)
Thus while reconstructed records can be used when they are supported by evidence, numbers plucked from the air and standing alone will not support a fees award. Several of the reconstructed figures upon which fees were awarded are especially exemplary of the problem we find with the Murphys' case. These figures read:

"6/88 through 1/90

*748
"telephone communication between JHM
and Eve Murphy: office conferences
 45.5
"Telephone communication between JHM
and Richard Murphy
 25.0
Item 2, page 14
"1990-1992 telephone conferences with
Ed Golden, Herb Stettin, Eve Murphy and
Richard Murphy
 220.0
Item 2, page 30"

That comes to some $50,837 in fees without sufficient back up "detailing the nature of the services performed." As Brake argues, there is no way to tell what those real or imaginary telephone calls were about, or whether they benefitted the estate. We find the entire proof submitted in this case to be peppered with such guesstimates.
Finally, the 1996 petition for fees argued that Joseph Murphy's fees were necessary and proper because he was "the only person who knew the history of the family and its previous actions, and the history of Eileen Brake as personal representative, and the truth and falsity of such actions." A family member may be an attorney and be compensated for his work as counsel, however a family member is not compensated for knowing his family history or what transpired in previous litigation between family members. Attorneys are compensated for legal work.
"Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand." Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998)(citing as examples, Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997)). We conclude the instant case is one requiring such disposition and we reverse the fees award to the beneficiaries.
We find another matter, while not raised by Brake or critical to the disposition of the case as outlined above, to be of such import that we wish to caution judges, counsel and litigants, and that is the possibility of duplication of fees. As we observed in Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So.2d 41, 43 (Fla. 3d DCA 1996):
A party has the right to hire as many attorneys as it desires, Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993), but the opposing party is not required to compensate for overlapping efforts, should they result. Franklin v. Stettin, 579 So.2d 245 (Fla. 3d DCA), review denied, 591 So.2d 180 (Fla.1991); Thompson v. Thompson, 492 So.2d 1154 (Fla. 3d DCA 1986). Expert opinion must be presented especially where there is a claim of duplication of legal effort. Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla.1987).
Likewise in Brevard County v. Canaveral Properties, Inc., 696 So.2d 1244, 1245-46 (Fla. 5th DCA 1997), the Fifth District concluded:
In making an attorney fee award, the court must consider the possibility of duplicate effort arising from multiple attorneys, in determining a proper fee award. New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830 (10th Cir.1996). Fees should be adjusted and hours reduced or eliminated to reflect duplications of services. Jane L. v. Bangerter, 828 F.Supp. 1544 (D.Utah 1993), reversed on other grounds, 61 F.3d 1505 (10th Cir.1995); Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347 (N.D.Ga.1992); In re Penn Central Securities Litigation, 416 F.Supp. 907 (E.D.Pa.1976), reversed on other grounds, 560 F.2d 1138 (3d Cir.1977).
In Jane L., the District Court said:
Another category of time in which reductions are appropriate is unnecessary duplicative time. As the Tenth Circuit said [citation omitted] "[I]f the same task is performed by more than one lawyer, multiple compensation should be denied...." As this court *749 pointed out [citation omitted] "[I]t is often important to analyze and exclude duplication of time spent on aspects of a case where several lawyers, paraprofessionals and/or clerks are working simultaneously." (emphasis supplied)
Id., 828 F.Supp. at 1549.
The district court ruled that the claims presented were excessive because four attorneys submitted request for fees for attending the same hearing. Id. If three attorneys are present at a hearing when one would suffice, compensation should be denied for two. Id.
In deciding upon an amount to be awarded as attorney's fees, a probate court should consider the nature of the services rendered and the necessity for their performance, together with the reasonableness of the charges. See College v. Bourne, 670 So.2d 1118, 1119 (Fla. 5th DCA 1996). In deciding upon the amount to be awarded as attorney's fees for representation of a beneficiary which benefits the estate, the trial court must consider the nature of services rendered and the necessity for their performance, along with the reasonableness of the charges. See Franklin v. Stettin, 579 So.2d 245 (Fla. 3d DCA 1991).
In deciding "appropriate" fees, courts are really saying that there should be an expert to testify as to 1) the necessity for a lawyer rendering services to the client; 2) the reasonableness of the time claimed; 3) the reasonable value of the time that is considered compensable. While the opponent of a fee has the burden of pointing out with specificity which hours should be deducted, see Centex-Rooney Construction Co. v. Martin County, 725 So.2d 1255 (Fla. 4th DCA 1999), into the equation of appropriate fees, the expert should always anticipate and ferret out duplicity of effort spent by the attorneys or parties similarly aligned. Duplication of effort should be avoided when parties are represented by different attorneys, but have virtually the same interest in the outcome. Although duplication sometimes is compensable, it should be avoided where possible. Clients that are represented by separate counsel that have virtually the same interest in the outcome should apportion their area of endeavor including research, briefing, and preparation of pleadings as well as in seeking discovery. Various classes of beneficiaries frequently engage separate attorneys out of fear they will not receive their just do. The clients cannot be faulted for this, but attorneys who duplicate work needlessly should be.
A claimant is entitled to at least one good lawyer but not all lawyers and associates and para-legals that may be postured to parse the case down. "Probate"court has become repugnant to a great many citizens because of the perceived delay in administration and disposition of the estate. Moreover, citizens are frightened by what they perceive to be sharing of the estate with an attorney.
It appeared from questioning at oral argument that the aggravate value of this decedent's estate approximated the sum of $850,000. Yet the attorney's fees already taxed and those yet to be taxed, may largely consume this estate. A probate judge perceiving that this may result in a given estate should seize control of it at once. Probate judges are now circuit judges and circuit judges are now, as they always have been, the ultimate guardian of the public's liberty and property. While the fees in this case that were awarded were taxed solely as a surcharge against the former personal representative, the same principles applicable to attorney's fees in other cases were also applicable.
The telephone calls which are placed or received by an attorney in the conduct of a client's business are clearly compensable. Yet, when an amorphous claim like that represented above is submitted, it facially suggests exploitation. Moreover, the award of $388,412.50 for a claimed 2,219.50 hours allegedly rendered between 1988 and 1990 represents almost a years effort *750 on behalf of an attorney working on the one case 50 hours a week and 50 weeks per year. Stated more simply, an attorney making the claim says he worked close to an entire year of the two years devoted to the case. In a matter like this where the assets are relatively simple and straight forward such a claim smacks of being disingenuous.
For the complete failure of proof of several vital areas necessary to substantiate an attorney's fee claim, the judgment in favor of the two residuary beneficiaries of the Estate and against Eileen M. Brake is reversed. We affirm the order striking Brake's request for a default against successor personal representative, without comment.
Reversed in part and affirmed in part.
NOTES
[1] In October 1990, Eileen M. Brake was removed as personal representative and Robert Brake was removed as attorney for the Estate of Eileen E. Murphy, for conflict of interest reasons. This court affirmed the removal in December 1991. Beneficiaries of the Estate, Eve and Richard Murphy, then filed a Petition for Surcharge for damages and attorney fees against Eileen Brake, alleging bad faith and self-dealing while she was personal representative. The lower court entered the Order for Surcharge in July 1993. This Court upheld the majority of the order, but rescinded a minor portion of the order. Following the mandate, the lower court entered a subsequent order in October 1994, which was thereafter affirmed by this Court. Brake then succeeded in having the lower court judge removed. The successor judge, after a hearing, entered summary judgment for the Estate and the Murphys, in July 1998. The Murphys then filed for attorney fees.
[2] By Murphy's own testimony he was no longer a member in good standing of the Florida Bar after April 1993. However the fees sought were claimed to have been incurred before that time.