# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1774
Lower Tribunal No. 08-29374
_____

**TRG Columbus Development Venture, Ltd.,**
Appellant,

vs.

**Luis Sifontes,**
Appellee.

Appeal from the Circuit Court for Miami-Dade County, Ronald C. Dresnick, Judge.

Greenberg Traurig, P.A., and Elliot H. Scherker, Brigid F. Cech Samole, and Jay A. Yagoda, for appellant.

Vila, Padron & Diaz, P.A., and Kara D. Phinney, for appellee.

Before SUAREZ, EMAS and SCALES, JJ.

SCALES, J.

TRG Columbus Development Venture, Ltd., the defendant below ("TRG"),

appeals the trial court's final order awarding Luis Sifontes ("Sifontes") the sum of

$237,920 in attorney's fees. Because the trial court did not abuse its discretion in determining an hourly rate and in awarding Sifontes a contingency fee multiplier, we affirm.

**Facts**

In August 2004, Sifontes entered into a pre-construction contract to purchase a condominium unit from TRG. The purchase price for the unit was $304,900. Pursuant to this contract, Sifontes made a $60,980 deposit, which represented twenty percent of the purchase price. The parties' contract required TRG to substantially complete the condominium project within two years. Five months later, however, the parties executed a subsequent agreement that extended the completion date.

After his condominium unit was completed, Sifontes declined to close on the unit and demanded the return of his deposit. Sifontes filed suit against TRG alleging that the agreement extending the completion date was void and Sifontes was entitled to the return of his deposit. The trial court ruled in favor of Sifontes on this issue.

The trial court entered final judgment for Sifontes and granted Sifontes entitlement to attorney's fees in an amount to be determined at a later date. This Court affirmed that final judgment in TRG Columbus Development Venture, Ltd. v. Sifontes, 138 So. 3d 458 (Fla. 3d DCA 2014) (table).

2

The trial court then conducted an evidentiary hearing on the amount of the attorney's fee to which Sifontes was entitled. The trial court determined that Sifontes's counsel was entitled to be compensated for 297.40 hours of time for trying the case, and determined a reasonable hourly rate to be $400 per hour.

This resulted in a lodestar fee of $118,960.[1] Because Sifontes's counsel had been engaged on a contingeny fee basis, the trial court also heard evidence regarding whether Sifontes's counsel was entitled to a contingency fee multiplier.[2]

After the evidentiary hearing, the trial court entered a detailed, well-reasoned final order finding that Sifontes was entitled to a contingency fee multiplier of 2.0. The trial court awarded a total fee of $237,920.

TRG appeals both features of the fee award: the hourly rate and the multiplier.

**Analysis**

*1. The Hourly Rate*

The relevant portion of the contingency fee agreement reads as follows:

---

[1] A "lodestar" is determined by multiplying the number of hours reasonably expended on the matter times the reasonable hourly rate. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150-51 (Fla. 1985).

[2] If certain conditions are met (as discussed, infra) and counsel is hired pursuant to a contingency fee contract, a trial court may enhance a lodestar by applying a contingency fee multiplier of up to 2.5 times the lodestar fee. Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).

As compensation for their services, I agree to pay my said attorney from the gross proceeds of recovery, <u>the higher of such fee as is determined to be a reasonable fee pursuant to any contract, statute or decisional authority which does or may provide for recovery of a "reasonable attorneys' fee" or such fee as follows</u> and agree that a reasonable fee for such services is $350.00/hour for Kara D. Phinney, Esq.:

> i. 40% of any recovery
>
> . . . .

In the event a counter-claim is filed by a Defendant, the client hereby agrees to pay the undersigned attorney the sum of $350.00 per hour in defense of the claim.

(emphasis added)

While a trial court may not award an hourly rate higher than that which Sifontes was contractually obligated to pay his counsel, TRG acknowledges the exception to this rule when a contingency fee contract includes an alternate fee recovery clause that enables a court to determine a reasonable fee. <u>First Baptist Church of Cape Coral, Fla, Inc. v. Compass Constr., Inc.</u>, 115 So. 3d 978 (Fla. 2013).

TRG maintains, however, that Sifontes's contingency fee contract does not contain an alternate fee recovery clause; hence, according to TRG, the <u>First Baptist</u> exception would not apply to Sifontes's fee claim. TRG argues that, based on the contract's reference to $350 per hour in the contract's first paragraph, Sifontes was entitled to recover the higher of either forty percent of the deposit recovered from

4

TRG, or $350 per hour. Therefore, the trial court was equally bound by the contract and could not determine a $400 hourly rate.

To the contrary, Sifontes argues that the contract included an alternate fee recovery provision (i.e., the underlined language cited above). Sifontes's counsel testified that the contingency fee contract's first reference to "$350/ hour" – located in the opening paragraph of the contract – does not establish a fixed rate of compensation. Rather, it is merely a benchmark of reasonableness, not intended to bind the parties to a $350 hourly rate for Sifontes's counsel to litigate the recovery of Sifontes's deposit from TRG.

We are thus called upon to construe the subject fee contract to determine whether it included an alternate fee recovery provision so as to allow the trial court to award an hourly fee greater than $350.00. While the contingency fee contract is poorly worded, we conclude that its intention, supported by testimony at the hearing below, is evident.[3]

When a court construes a contract, it must look at the contract as a whole and give meaning to the parties' intentions as manifested in the contract's language. See Aristech Acrylics, LLC v. Lars, LLC, 116 So. 3d 542, 544 (Fla. 3d DCA 2013).

---

[3] Sifontes's counsel testified that the $350 per hour rate identified in the fourth paragraph of the contract applied only to a situation in which Sifontes was required to defend against a counterclaim. As TRG asserted no counterclaim, this $350 per hour rate had no application here.

5

Additionally, a court may not interpret a contract so as to render a portion of its language meaningless or useless. See Moore v. State Farm Mut. Auto. Ins. Co., 916 So. 2d 871, 877 (Fla. 2d DCA 2006).

In this case, TRG, a stranger to the contract between Sifontes and his counsel, would have us simply ignore the underlined portion of the contingency fee contract, which allows a "higher. . . fee" to be "determined. . . pursuant to any. . . decisional authority." While this language is not a model of clarity, we cannot simply disregard it as superfluous; we must give it the meaning and effect intended by the parties to the contract. See Aristech Acrylics, LLC, 116 So. 3d at 544.

Against this backdrop, we agree with the trial court that the first paragraph of the contract contains a valid alternate fee recovery clause. Accordingly, the trial court did not abuse its discretion in determining that a reasonable hourly rate for Sifontes's counsel was $400.

*2. The Multiplier*

We also review the trial court's application of a contingency fee multiplier using an abuse of discretion standard. Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013).

The question of whether the trial court may apply a multiplier is governed by the standards set forth in Standard Guaranty Insurance Company. v. Quanstrom, 555 So. 2d 828 (Fla. 1990). Quanstrom provides:

> [T]he trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Id. at 834.

Initially, we note that TRG reads the first Quanstrom prong in isolation, and too narrowly. Quanstrom requires that a trial court consider evidence in support of each of the three Quanstrom prongs in order to award a contingency fee multiplier. The order on appeal indicates that the trial court undertook a complete consideration of Quanstrom's factors. We cannot say that the trial court abused its discretion by weighing a full array of evidence.

In its exclusive focus on Quanstrom's first prong, TRG argues that Sifontes presented no evidence to demonstrate that the relevant market required a contingency fee multiplier to obtain competent counsel. Appellate courts have found that Quanstrom's first prong is not satisfied where such evidence is absent. See, e.g., Sun Bank of Ocala v. Ford, 564 So. 2d 1078 (Fla. 1990); USAA Cas. Ins. Co. v. Prime Care Chiropractic, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012) ("If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded.").

In this case, however, evidence was adduced during an evidentiary hearing that many South Florida lawyers were taking condominium deposit recovery cases on a contingency fee basis, intending to settle those cases for a tiny percentage of the full deposit without going to trial. The trial court heard direct evidence that competent counsel willing both to take such cases on a contingency fee basis <u>and</u> to try such cases to final judgment were few in number. Thus, with particular regard to <u>Quanstrom</u>'s first prong, the trial court's finding in favor of a contingency fee multiplier is supported by competent substantial evidence. <u>Quanstrom</u>, 555 So. 2d at 834.

Affirmed.