# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1566
Lower Tribunal No. 17-20911
_____

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Raghunath Deshpande,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Loughren, Doyle and Reising, P.A. (Fort Lauderdale); Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellant.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellee.

Before EMAS, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

Universal Property & Casualty Insurance Co. appeals the trial court's order awarding $441,805.14 in fees and costs payable to Raghunath Deshpande's attorneys in this first-party property insurance case. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

Universal argues the award was excessive and unsupported by the evidence. We agree. Therefore, we reverse and remand to the trial court with directions to enter an amended final judgment consistent with this opinion.

## FACTUAL & PROCEDURAL BACKGROUND

In March 2017, Deshpande suffered water damage to his home. Universal denied coverage and Deshpande spent $23,000 out of pocket to perform repairs before hiring counsel to file suit on his behalf. On August 25, 2017, Deshpande sued Universal for declaratory judgment and breach of contract. The parties engaged in minimal discovery and took only two depositions in the litigation. No substantive motions or expert reports were filed and there was no trial in the matter. On October 10, 2018, Universal served a proposal for settlement in the amount of $25,000 excluding attorneys' fees and costs. Deshpande accepted the proposal for settlement and the parties proceeded to litigate the amount of reasonable attorneys' fees.

Deshpande's counsel produced invoices reflecting that it billed a total of 469 hours for five attorneys and one paralegal in preparation of the case. Universal's fee expert provided a line-item response detailing objections for entries he deemed were

2

excessive for the nature of the task, had vague or inadequate descriptions, contained duplicate work from multiple attorneys, or were for secretarial or ministerial tasks. Plaintiff did not file any written response to these objections.

On July 18, 2019, the trial court held an evidentiary hearing. At the hearing, the corporate representative for the Plaintiff's firm testified generally to the accuracy of the firm's billing and that each attorney's hourly rate was reasonable based on the South Florida market and the attorney's respective experience. The corporate representative attested that the firm accepted the case on a pure contingency basis and that it had no way to mitigate against the risk of nonpayment.

The Plaintiff's fee expert testified that the attorneys' hourly rates were reasonable in the market according to each attorney's experience, and that the paralegal's fee was likewise reasonable. The fee expert confirmed the firm billed 469 hours on the case. The fee expert testified he never prepared a line-item analysis of the firm's time entries, but to accomplish a "conservative" estimate, he applied a 10% across-the-board hourly reduction reducing the number of billed hours to 422 hours. He did not explain why that reduction represented a reasonable amount of hours expended in preparation of the case. The fee expert also opined that a 2.0 multiplier was appropriate based on the favorable outcome achieved and the likelihood of recovery at the outset of the case.

The Defendant's fee expert opined that the number of hours billed should be reduced from 469 to 101 hours. He testified regarding objections to specific itemized entries and concluded a reduced number of hours was warranted for trial preparation, deposition preparation, duplicative billing by multiple attorneys and ministerial tasks. The Defendant's fee expert also testified that the relevant market is saturated with firms practicing first-party property insurance who would likewise take the case on a contingency basis, and the market does not require a multiplier to obtain competent counsel.

The trial court adopted Plaintiff's fee expert's conclusions in every respect, applying the 10% across-the-board reduction without further explanation. The court awarded a lodestar amount of $206,090.00 in attorneys' fees and $3,315.00 in paralegal fees. The trial court then applied a 2.0 multiplier increasing the total fee award to $415,495.00. The court awarded $12,510.14 in costs and $13,800.00 to Plaintiff's fee expert. The final judgment for fees and costs payable to Deshpande's counsel was $441,805.14 following the $25,000 settlement.

## LEGAL ANALYSIS

### *Lodestar Amount*

In determining the amount of attorneys' fees to be awarded, a trial court is required to use the lodestar approach and consider the eight criteria set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). "Under

4

Rowe, a trial court must first determine the lodestar amount, which is the number of attorney hours reasonably expended multiplied by a reasonable hourly rate." Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1126 (Fla. 2017) (citing Rowe, 472 So. 2d at 1150–51). "The trial court must set forth 'specific findings' as to its determination of the number of hours, the hourly rate, and any reduction or enhancement factors." Id. (citing Rowe, 472 So. 2d at 1151). We review the trial court's evidentiary findings regarding the attorneys' fee award for competent, substantial evidence. Pazmino v. Gonzalez, 273 So. 3d 1056, 1059 (Fla. 3d DCA 2019).

We begin by approving the court's findings as to the reasonable hourly rates for all five of the Plaintiff's attorneys and the paralegal. We do not, however, affirm the lodestar amount because the record does not contain competent, substantial evidence that 469 hours were reasonably expended in this case. Under the lodestar method, "[t]he fee applicant bears the burden of presenting satisfactory evidence to establish . . . that the hours are reasonable." 22nd Century Props., LLC v. FPH Props., LLC, 160 So. 3d 135, 142 (Fla. 4th DCA 2015) (citation omitted). When calculating the number of hours reasonably expended on the litigation, "[f]ee applicants are expected to exercise 'billing judgment,' and, if they do not, 'courts are obligated to do it for them, to cut the amount of hours for which payment is

5

sought, pruning out those that are excessive, redundant, or otherwise unnecessary.'" Id. (citation omitted).

Deshpande's counsel failed to present evidence that it was reasonable for five attorneys to expend 469 hours in this first-party property insurance case that settled after minimal discovery and in which no significant motions were litigated. The amount of fees is "assuredly excessive in relation to the results obtained." Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So. 2d 41, 43 (Fla. 3d DCA 1996) (citing In re Estate of Platt, 586 So. 2d 328 (Fla. 1991) (noting it is not ordinarily reasonable to spend as much legal time on a case as the amount of money in dispute)). In fact, in a "relatively simple and straightforward" matter like this "such a claim smacks of being disingenuous." Brake v. Murphy, 736 So. 2d 745, 750 (Fla. 3d DCA 1999).

Courts must be particularly concerned with "notorious 'billable hours' syndrome, with its multiple evils of exaggeration, duplication, and invention." Miller v. First Am. Bank & Trust, 607 So. 2d 483, 485–86 (Fla. 4th DCA 1992). "Duplicative time charged by multiple attorneys working on the case are generally not compensable." N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla. 3d DCA 2003). "Likewise noncompensable is excessive time spent on simple ministerial tasks such as reviewing documents or filing notices of appearance." Id. (citations omitted). The court did not make any specific findings

as to disputed time entries which may have been excessive, vague, duplicative or ministerial. Nor did the court apply any particularized reductions or make any findings as to the appropriateness of reductions. Rather, without explanation, the court adopted the Plaintiff's fee expert's 10% blanket reduction to the number of hours expended. We find this reduction arbitrary and unsupported. Because the $441,805.14 fee award in this case is not supported by competent, substantial evidence, we reverse the lodestar amount.

"Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand." Murphy, 736 So. 2d at 748 (citation omitted). "[W]here a party seeking fees and costs has been afforded an evidentiary hearing, it is not entitled to a second bite at the apple to prove its claim." Winter Park Imports, Inc. v. JM Family Enters., Inc., 77 So. 3d 227, 231 (Fla. 5th DCA 2011). We note, however, that "the opponent of a fee has the burden of pointing out with specificity which hours should be deducted. . . ." Murphy, 736 So. 2d at 749. In the record before us, the Defendant's fee expert identified with specificity which hours should be deducted based on an itemized analysis of the billing entries. As there is competent, substantial evidence supporting the Defendant's fee expert's determination that 101 hours were reasonably expended in the litigation, we direct the trial court to reduce the number of hours billed to 101 hours.

*Multiplier*

After determining the lodestar amount, the trial court may then adjust the lodestar amount based upon "a 'contingency risk' factor and the 'results obtained.'" Joyce, 228 So. 3d at 1126. While the trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion, the trial court's findings as to the multiplier must be supported by competent, substantial evidence. See TRG Columbus Dev. Venture, Ltd. v. Sifontes, 163 So. 3d 548, 552–53 (Fla. 3d DCA 2015).

"The question of whether the trial court may apply a multiplier is governed by the standards set forth in Standard Guaranty Insurance Company v. Quanstrom, 555 So. 2d 828 (Fla. 1990)." Sifontes, 163 So. 3d at 552. Quanstrom provides:

> [T]he trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Id. (quoting Quanstrom, 555 So. 2d at 834). "Quanstrom requires that a trial court consider evidence in support of each of the three Quanstrom prongs in order to award a contingency fee multiplier." Id.

8

"Appellate courts have found that <u>Quanstrom</u>'s first prong is not satisfied where [evidence to demonstrate that the relevant market required a contingency fee multiplier to obtain competent counsel] is absent." <u>Id.</u>  The Florida Supreme Court has observed that the rationale of the relevant market factor is "to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier." <u>Citizens Prop. Ins. Corp. v. Laguerre</u>, 259 So. 3d 169, 176 (Fla. 3d DCA 2018) (quoting <u>Joyce</u>, 228 So. 3d at 1135).

In support of the multiplier, the court heard testimony regarding Deshpande's counsel's expertise in first-party property insurance litigation, that the case was accepted on a contingency basis and that counsel would have been unable to mitigate against the risk of nonpayment.  There was also testimony that Deshpande's counsel obtained a favorable result.  The record, however, contains no evidence that Deshpande could not have obtained other competent counsel in this market absent the availability of a contingency fee multiplier.  The Plaintiff's fee expert failed to testify that Deshpande's counsel was the only competent counsel in the relevant market.  Nor did the expert alternatively testify that, while there was other competent counsel available in the relevant market, they would not have taken the case on a simple contingency fee and would have done so only if the multiplier was available.

9

"If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." USAA Cas. Ins. Co. v. Prime Care Chiropractic Centers, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012)); see Sun Bank of Ocala v. Ford, 564 So. 2d 1078, 1079 (Fla. 1990) ("[T]here should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 731 (1987))); Fla. Peninsula Ins. Co. v. Wagner, 196 So. 3d 419, 422–23 (Fla. 2d DCA 2016) (reversing award of multiplier where there was no showing or finding that without the prospect of a multiplier to an otherwise reasonable fee award, the Wagners would have had difficulty finding competent counsel to represent them in this insurance coverage dispute). Because the record is devoid of any evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, we reverse the trial court's application of a multiplier.

### *Expert Fees*

Finally, we reverse the costs awarded to Plaintiff's experts who never testified at trial and who were never deposed. Generally, "[i]t is not appropriate to tax as costs the fees of witnesses who are neither qualified as experts by the court nor testify at trial." Thellman v. Tropical Acres Steakhouse, Inc., 557 So. 2d 683, 684 (Fla. 4th

DCA 1990); see § 92.231(2), Fla Stat. (2020); 12 Fla. Jur 2d Costs § 70 Expert Fees (2020). We recognize that "[u]nder certain circumstances, costs an expert reasonably incurs in preparing testimony may be taxed, even though the testimony proves unnecessary." Wuesthoff Mem'l Hosp. v. Tapia, 687 So. 2d 1370, 1371 (Fla. 1st DCA 1997) (citing Coastal Petroleum Co. v. Mobil Oil Corp., 583 So. 2d 1022 (Fla. 1991)). Under such circumstances, it is incumbent on the trial court "to determine exactly which expenses would have been reasonably necessary for an actual trial, including expert-witness-preparation costs." Coastal, 583 So. 2d at 1025. "In other words, the trial court should reconstruct a trial strategy that a reasonable party would have developed in an actual trial, and it should award costs on the basis of that strategy." Id. Here, the court awarded costs without making any factual findings regarding which expenses would have been reasonably necessary for an actual trial. Therefore, we remand with instructions for the trial court to conduct the appropriate analysis and make findings based on the evidence presented at the original hearing.

Reversed and remanded for entry of judgment consistent with this opinion.

11