# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0488
Lower Tribunal No. 21-5914-CA-01
_____

**Universal Property & Casualty Insurance Company**,
Appellant,

vs.

**Elizabeth Aragones**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Link & Rockenbach, PA, and Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

In this first-party property insurance dispute, Universal Property & Casualty Insurance Co. appeals the trial court's order awarding prevailing party attorney's fees to plaintiff/insured Elizabeth Aragones. The sole issue raised on appeal is whether the trial court's inclusion of a 2.0 contingency fee multiplier in the attorney's fee award was supported by competent substantial evidence.

Upon our review, see Universal Prop. & Cas. Ins. Co. v. Medero, 406 So. 3d 323, 326 (Fla. 3d DCA 2025) ("Although a trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion, the trial court's findings as to the multiplier itself must be supported by competent substantial evidence."), we find there was competent substantial evidence to support the trial court's factual determinations and no abuse of discretion in the trial court's application of a 2.0 multiplier. See Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990) (reaffirming the relevant principles and holding that, in considering whether to apply a contingency fee multiplier, the trial court should consider the following factors: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable,

especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client."); Bell v. U.S.B. Acquisition Co., 734 So. 2d 403, 411 (Fla. 1999) (noting the Florida Supreme Court reiterated that the "primary rationale for the contingency risk multiplier is to provide access to competent counsel for those who could not otherwise afford it."); Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 421 (Fla. 3d DCA 2020) ("The Florida Supreme Court has observed that the rationale of the relevant market factor is 'to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier.'") (quoting Citizens Prop. Ins. Corp. v. Laguerre, 259 So. 3d 169, 176 (Fla. 3d DCA 2018)) (additional quotation omitted); TRG Columbus Dev. Venture, Ltd. v. Sifontes, 163 So. 3d 548, 553 (Fla. 3d DCA 2015), (holding that because there was "direct evidence that competent counsel willing both to take such cases on a contingency fee basis *and* to try such cases to final judgment were few in number[,] . . . the trial court's finding in favor of a contingency fee multiplier is supported by competent substantial evidence.") (alteration in original).

Affirmed.

3