CHARLES CARROLL, Chief Judge.
This is an appeal by the defendant below from an adverse summary judgment for the foreclosure of a mortgage. Appellant contends the court erred in granting summary judgment in favor of the plaintiff, and that the amount allowed for plaintiff’s attorney fees was excessive.
The initial obligation secured by the mortgage, evidenced by bonds, was $14,000,-000. The mortgage encumbered a number of properties, including the unimproved real estate in Dade County which was foreclosed upon here. T.he latter represented the property remaining after certain releases. Predicated on alleged defaults, plaintiff sought foreclosure for the unpaid balance of the indebtedness, amounting (at the time of the judgment) to $5,659,000 principal plus interest of $644,974.08. In addition, the jugment awarded costs and attorney fees.
The suit for foreclosure was filed September 20, 1968, against the appellant South Dade Farms, Inc. (owner), and numerous other defendants. Such other defendants subsequently were dismissed. South Dade Farms, Inc. answered, admitting execution of the mortgage and the bonds, and admitting that the lands alleged to be encumbered were presently “covered” by the mortgage, Other allegations, regarding default, amounts due, etc., were denied.
*277 Plaintiff moved for summary judgment, “on the grounds that from the pleadings, interrogatories and answers thereto here on file it affirmatively appears that there is no genuine issue as to any material fact and therefore the plaintiff is entitled to a final judgment of mortgage foreclosure in its favor as a matter of law.” With the motion for summary judgment the plaintiff filed an affidavit of one of its attorneys. The affidavit stated that plaintiff had forwarded a letter to defendant South Dade Farms, Inc. on August 6, 1968, informing the defendant of the amount due and in default and announcing acceleration of the unpaid balance of the indebtedness secured by the mortgage. A copy of the letter was attached. The affidavit also stated that according to the records of the plaintiff (Atlantic National Bank of Jacksonville, as Trustee), and of Connecticut Mutual Life Insurance Company (beneficiary), the balance of principal and interest due and owing under the mortgage and bonds as of July 15, 1968, was $6,081,-220.58.
The motion for summary judgment and that supporting affidavit were filed February 11, 1969. The motion was noticed to be heard March 3, 1969. In support of the motion the plaintiff filed a second affidavit, on February 26, 1969, of one Reese R. Bohn, Vice-president and Trust Officer of the plaintiff bank in which, after separately stating the amounts of principal and interest, it was recited that as of March 3, 1969, the amount due therefor was $6,303,974.08.
Answers of the defendant to interrogatories propounded by the plaintiff admitted the mortgage indebtedness was in default as of the date of the filing of the suit, and stated the balance unpaid was “approximately $6,250,000.00.”
The appellant argues the court improperly accepted the affidavits filed by plaintiff in support of its motion for summary judgment — the one filed with t.he motion because not based on personal knowledge, and the one filed subsequently because it was filed after the motion. Appellant then argues that without the aid of those affidavits there was no sufficient showing by plaintiff to entitle it to summary judgment.
The plaintiff-appellee points out that its motion for summary judgment was grounded on the pleadings and answers to interrogatories, and that the showing thereunder was sufficient to entitle it to summary judgment because of the disclosure thereby of defendant’s admissions of validity of the mortgage, existence of default and of the unpaid balance of the mortgage indebtedness in an amount approximating that claimed by the plaintiff.
Appellant contended the court erred in allowing acceleration of the mortgage, claiming the letter of August 6, 1968, did not fulfill the requirements of the terms of the mortgage and bonds necessary to effect an acceleration. In response to that contention the appellee argued that filing of suit to foreclose for the entire unpaid balance amounted in law to an acceleration, and that the complaint expressly alleged election to so accelerate. We find merit in that argument of the appellee.
We are impelled to agree with the position taken by the appellee that the pleadings and answers to interrogatories established beyond genuine issue the allegations material to the granting of judgment for foreclosure, except as to the exact amount of principal and interest due. The latter was supplied by the affidavit of the officer of the plaintiff bank, filed some days prior to the hearing. As there was no evidence presented to contest or contradict the plaintiff’s affidavit statement of the exact amount due, and as the defendant had admitted an unpaid balance of approximately $6,250,000, no harmful error was committed by accepting that affidavit as evidence of the principal and interest due.
Moreover, the rules of civil procedure permit an affidavit filed with a *278 motion for summary judgment to be supplemented by a further affidavit, in the discretion of the court. Rule 1.510(e) RCP, 31 F.S.A. relating to affidavits supporting or opposing motions for summary judgment, provides: “The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or by further affidavits.” Here the affidavit of one of the attorneys for the plaintiff, filed with the motion for summary judgment, had stated the amount due for principal and interest as of July 15, 1968, which was approximately two months prior to time the suit was filed. The function of the subsequent affidavit (filed by plaintiff some days prior to the hearing) was to supplement the earlier affidavit by bringing up to date the figures as to the amounts of principal and interest due. The action of the trial court in accepting and acting upon the latter affidavit, as to the amounts due, was in conformity to the provision of the rule referred to and quoted above.
For the reasons stated we hold the trial court did not commit error in granting summary judgment in favor of the plaintiff for foreclosure of the mortgage. Nor do we find basis on the record to disturb the trial court’s allowance of attorney fees. The arguments of the parties regarding the existence of a contract for payment of such fees must be resolved in favor of the appellee, on consideration of the wording of the mortgage and bonds relating thereto. As to the amount allowed, the court had the benefit of opinion testimony of lawyers, presented on behalf of the parties with respect to the reasonable value of the services of plaintiff’s attorneys in the prosecution of the cause. The quality of that testimony and the weight to be assigned thereto were matters properly for consideration and determination by the trial court. In view of the nature of the case and the litigation thereof, we are not persuaded the award of attorney fees, which was consistent with the evidence, was excessive, or that it represented an abuse of discretion.
The judgment was entered on March 6, 1969, and this appeal therefrom was filed March 18, 1969. On application by the appellant in the trial court for an order fixing the amount and condition of supersedeas bond, the trial court entered an order for supersedeas conditioned on the filing of a bond in the amount of $350,-000. Rroceeding under Rule 5.10 FAR, 32 F.S.A., the appellant petitioned this court for review of the supersedeas order. On March 20, 1969, this court entered an order reducing the amount of the required super-sedeas bond to $100,000, which order included a provision as to its duration, viz: “The reduction in amount of super-sedeas bond which is made by this order is for supersedeas for the period of the pendency of the appeal in this court only.” The period there referred to will end fifteen days after the date of filing of this opinion and judgment, or, if a petition or petitions for rehearing are timely filed, then on the date of our disposition thereof.
No reversible error having been demonstrated, the judgment is affirmed.