PER CURIAM.
Federated National Insurance Company (“Federated”) appeals the award of $76,300 in attorney’s fees to William and Judith Joyce (“the Joyces”), following settlement of the parties’ insurance disputé. The action arose from a denial of coverage based on an alleged material misrepresentation in the Joyces’ homeowners insurance application. In denying the claim, Federated argued that the Joyces had failed to disclose two previous insurance claims at..the time of their application. However, early in discovery, it came to light that the Joyces had actually disclosed the prior claims.[1]
Federated acknowledged the error, and the parties , executed a settlement agreement for $23,500, exclusive of attorney’s fees. The .trial court awarded the Joyces over $38,000 in attorney’s fees based on the number Of hours their attorney, worked multiplied by a reasonable hourly rate — -the “lodestar figure.” See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151-52 (Fla.1985), modified by Standard Guar Ins. Co. v. Quanstrom, 555 So.2d 828, 829 (Fla.1990). We affirm this portion of the award. However,- the trial court improperly awarded a “multiplier” of 2.0, which we reverse.
In Rowe, the Florida Supreme Court adopted the federal lodestar approach, which includes “a ’strong presumption’ that the lodestar represents the ‘reasonable fee.’” Progressive Express Ins. Co. v. Schultz, 948 So.2d 1027, 1030 (Fla. 5th DCA 2007) (citing Pennsylvania v. *494 Del. Valley Citizens’ Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). “The application of a multiplier is the exception, not the'.rule ... and this presumption is overcome only in ‘rare’ and ‘exceptional’ circumstances.” State Farm Fla. Ins. Co. v. Alvarez, 175 So.3d 352 (Fla. 3d DCA 2015) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 544, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010)).
This was not a complicated case. Either the Joyces had falsified their insurance application, or Federated had made an error. There were no esoteric legal issues or complicated factual disputes to resolve. As one would anticipate given today’s legal market, there was no evidence the Joyces had any difficulty obtaining counsel to handle this matter. Indeed, it took only one phone call for the Joyces to secure counsel. While we review the trial court’s decision for an abuse of discretion, “we are not required to abandon what we learned as lawyers or our common sense in evaluating the reasonableness of an award.” Trumbull Ins. Co. v. Wolentarski, 2 So.3d 1050, 1057 (Fla. 3d DCA 2009) (citation omitted). This was not one of those rare or exceptional cases in which the award of a multiplier was appropriate.
AFFIRMED IN PART; REVERSED IN PART.
COHEN and LAMBERT, JJ., and JORDAN, J.E., Associate Judge, concur.

. The Joyces produced a copy of their original insurance application, which properly dis- - closed the prior’ claims, However, Federal-ed’s agent had incorrectly transmitted the application data to Federated without the prior claims information,