# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2575
Lower Tribunal No. 10-53928
_____

## Rene Pazmino and Grace Pazmino,
Appellants,

vs.

## Lidia Gonzalez,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Navarro | McKown and Luis F. Navarro, for appellants.

Quesada Valdes, PLLC, and G. Frank Quesada, for appellee.

Before SALTER, SCALES and MILLER, JJ.

SALTER, J.

Rene and Grace Pazmino ("the Pazminos") appeal a final order on the motion of Lidia Gonzalez ("Gonzalez") for attorneys' fees. We affirm. We

address the issues raised by the Pazminos and, in particular, the propriety of the lodestar multiplier, 2.0, applied by the trial court.

Facts and Background

The underlying circuit court case and a related case arose out of a 2007 real estate and lending transaction whereby Gonzalez was deceived into borrowing and paying $230,000.00 for a residence that the sellers (non-parties Oakley and Rosie Walker) understood they were selling for only $150,000.00 and in order to mitigate losses in a foreclosure. In a final judgment entered in 2014 after a non-jury trial, the circuit court held that appellant Rene Pazmino and his daughter, Grace Pazmino, along with Rene Pazmino's ex-wife (Ana Cummings, who also acted under an alias of "Maritza Ayala"), committed fraud during the sale of the property to Gonzalez, violated the Florida Deceptive and Unfair Trade Practices Act, sections 501.201 – 501.213, Florida Statutes (2007) ("FDUTPA"), and engaged in other unlawful conduct in the transactions.

In that final judgment, for example, the trial court found that the loan sought to be enforced by Cummings/Ayala violated Florida's criminal usury statute, and that "$83,000.00 of the $230,000.00 that Gonzalez was supposedly paying for the property was diverted to Cummings' daughter, Grace Pazmino, and her ex-husband, Rene Pazmino." The trial court also found that the Pazminos, neither of whom was a licensed real estate broker or realtor, engaged in "prohibited

2

practices" as defined in section 494.0025, Florida Statutes (2007), including the receipt of so-called "finder's fees" and the Pazminos' commission of "fraudulent actions."

Because the trial court's rulings in 2014 declared the mortgage to Cummings/Ayala null and void, Gonzalez's damages against each of the Pazminos and Cummings/Ayala, jointly and severally, was limited to $16,742.53,[1] "as well as attorneys' fees and costs." The trial court reserved jurisdiction to determine the amount of attorneys' fees to be awarded Gonzalez. This Court affirmed that final judgment in 2015. Cummings v. Gonzalez, 206 So. 3d 52 (Table) (Fla. 3d DCA 2015).

Gonzalez then moved to fix the amount of the attorneys' fees to be awarded to her as against the Pazminos and their mortgage company.[2] The trial court conducted an evidentiary hearing, heard the testimony of Gonzalez's attorneys and their expert witness on fees, and reviewed the record. In a detailed, 15-page final order, the trial court addressed the burden of proof, the sufficiency of the time records and expert testimony, and the applicable case law regarding a contingency risk multiplier.

_____

[1] This amount represented a recovery of mortgage payments made by Gonzalez before the loan was held to be criminally usurious.

[2] In the final order under review, the trial court reported that the Pazminos' mortgage company, Pazaya Mortgage Corporation, had not filed an appearance or participated in any proceeding since the entry of the 2014 final judgment.

3

The trial court found that Gonzalez and her attorneys had complied with her standing order for attorneys' fee hearings, regarding the pre-hearing disclosure of time records, invoices, supporting documentation, retainer agreement, and expert affidavit on fees, while:

> Neither Cummings nor the Pazminos have ever filed any objections to the hours, the hourly rates or the court costs sought by Gonzalez. Cummings and Pazminos only filed an unfounded claim that Gonzalez had not proven entitlement to trial and attorney's fees, which this Court dismissed.

Following the evidentiary hearing, the trial court found that Gonzalez's attorneys were employed on a contingency basis, "which was necessary in order for Gonzalez to obtain competent counsel, specifically counsel who was unable to mitigate the risk of non-payment, since the client was a domestic service employee with no assets." The court accepted some, but not all of the hours submitted by the attorneys, reducing the claims by over $50,000.00. The court considered the appropriateness of a contingent risk multiplier for Gonzalez's trial counsel[3] under Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990), and the lodestar factors detailed in Florida Patient's Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), codified in Rules Regulating The Florida Bar 4-1.5(b).

---

[3] The order under review also awarded appellate counsel fees for Gonzalez's successful appeal in our 2015 affirmance of the final judgment remand for an award of appellate attorneys' fees. No multiplier was sought or awarded with respect to those fees.

4

The final order under review awarded $13,356.00 in appellate attorneys' fees, trial court attorneys' fees of $213,548.00 ($106,774.00 as a lodestar, with a 2.0 multiplier), and additional amounts for costs and prejudgment interest from the date of entitlement, as against each of the Pazminos and their Pezaya Mortgage Corporation, jointly and severally. This appeal followed.

Analysis

The standard of review for the trial court's evidentiary findings regarding the attorneys' fee award is for competent, substantial evidence. The trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion. See Citizens Prop. Ins. Corp. v. Laguerre, 259 So. 3d 169, 173 (Fla. 3d DCA 2018); TRG Columbus Dev. Venture, Ltd. v. Sifontes, 163 So. 3d 548, 552 (Fla. 3d DCA 2015).

On appeal, the Pazminos raise two issues. First, they contend the award of fees was pursuant to the FDUTPA fee-shifting provision, section 501.2105(3), citing Schick v. Department of Agriculture & Consumer Services, 599 So. 2d 641, 643 (Fla. 1992), and the more recent case of Sanchez v AN Luxury Imports of Pembroke Pines, Inc., 216 So. 3d 723, 730 (Fla. 4th DCA 2017). We are unpersuaded by that argument, because the final judgment determining Gonzalez's entitlement to fees and the evidence presented at the hearing also related to the other claims upon which Gonzalez prevailed, including criminal usury, common

law fraud, and the conspiracy to defraud undertaken with Ms. Cummings/Ayala. The Pazminos have cited no case establishing a per se rule precluding contingency risk multipliers as to successful claims of that kind.

The Pazminos' second issue attacks the trial court's analysis of the contingency risk factors. There is active disagreement in recent case law as to whether there is a "rare" and "exceptional" circumstances requirement in Florida for such a multiplier.[4] Recent decisions (Federated National Insurance Co. v. Joyce, 179 So. 3d 492 (Fla. 5th DCA 2015), quashed in Joyce v. Federated National Insurance Co., 228 So. 3d 1122 (Fla. 2017) (also disapproving such a requirement to the extent raised in State Farm Florida Insurance Co. v. Alvarez, 175 So. 3d 352 (Fla. 3d DCA 2015))) suggest that such requirements need not be satisfied so long as the other Quanstrom and Rowe factors are properly assessed, but there are also clear signals that "a full re-examination in a future case of our multiplier jurisprudence" may be warranted. See Joyce, 228 So. 3d at 1136 (Canady, J., dissenting; noting the unequivocal repudiation of the use of such multipliers by the United States Supreme Court in City of Burlington v. Dague, 505 U.S. 557 (1992)).

---

[4] These circumstances are required to overcome the presumption in federal attorneys' fee cases that the lodestar figure, with no further multiplier applied, is reasonable. Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 554 (2010).

6

Under existing Florida precedent, however, this case is a textbook example of one in which a multiplier is warranted, even if the "rare" and "exceptional" standards are applied. The proven facts regarding: Gonzalez's inability to obtain legal assistance, based on her income and the foreclosure commenced by Cummings/Ayala after Gonzalez was defrauded; the duration of the cases and initial appeal before Gonzalez prevailed; the complete elimination of the fraudulently-obtained $230,000.00 mortgage; the judgment for money damages for principal and interest paid by Gonzalez; and the trial court's exacting application of Quanstrom and Rowe; all overwhelmingly support the trial court's award, and our affirmance, of the 2.0 contingency risk multiplier.

For these reasons, we affirm the final order awarding attorneys' fees and costs.