# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1997
Lower Tribunal No. 13-16209
_____

**Suresh Gidwani and Bina Gidwani,**
Appellants,

vs.

**Sherry Roberts and Alice Randolph,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

ALGO Firm and Harvey J. Sepler (Hollywood), for appellants.

Vincent F. Vaccarella, P.A., and John A. Moore and Zachary L. Auspitz (Ft. Lauderdale), for appellees.

Before FERNANDEZ, C.J., and EMAS, and MILLER, JJ.

FERNANDEZ, C.J.

Defendants Suresh Gidwani and Bina Gidwani ("defendants") appeal the trial court's: 1) July 13, 2021 "Final Judgment on Damages Against Defendants"; 2) August 13, 2021 "Order on Defendants Suresh Gidwani and Bina Gidwani's Motion for Rehearing of Plaintiff's Motion for Final Judgment"; and 3) September 21, 2021 "Order Denying Request for Relief from Final Judgment Contained in 'Defendants Suresh Gidwani and Bina Gidwani's Motion for Rehearing of Plaintiff's Motion for Final Judgment.'" Defendants' argument that the award was excessive and unsupported by the evidence is not supported by the record on appeal, thus the trial court did not abuse its discretion. Furthermore, the Court accepts plaintiffs' concession on the appellate attorneys' fees error. Accordingly, the amount of attorneys' fees awarded in the trial court's "Final Judgment on Damages Against Defendants" is reduced from $266,476.25 to $247,463.75, and the case is remanded to the trial court with directions to enter an amended final judgment consistent with this Court's decision, as well as for a recalculation of the prejudgment interest. The remainder of the award as it relates to costs in the amount of $18,258.28 is affirmed. In addition, we affirm the trial court's August 13, 2021 order, as the trial court granted defendants the relief they requested in that motion by granting the rehearing. Regarding the September 21, 2021 "Order Denying Request for Relief from Final Judgment

Contained in 'Defendants Suresh Gidwani and Bina Gidwani's Motion for Rehearing of Plaintiff's Motion for Final Judgment'", we reverse that order consistent with our reversal of the final judgment on damages with respect to attorney's fees and prejudgment interest. In sum, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

The action below stems from a more than six-year dispute between two sets of Miami Beach condominium unit owners over who owned two parking spaces in the Decoplage Condominiums on Miami Beach, Florida. On May 6, 2013, Sherry Roberts and Alice Randolph ("plaintiffs") filed a three-count complaint against Suresh Gidwani and Bina Gidwani ("defendants"): Count 1 for declaratory judgment; Count II for a temporary injunction; and Count III for damages regarding ownership of the two parking spaces. In Count I, plaintiffs asked the trial court to determine who owned the two parking spaces. Count II sought an order prohibiting defendants from using the spaces or renting them out to others. In Count III, plaintiffs sought damages related to the defendants' prior use/renting of the parking spaces.

In October 2015, plaintiffs moved for summary judgment, which the trial court granted. Defendants appealed the final summary judgment as to

3

liability, as well as the final judgment awarding damages and attorneys' fees entered in favor of plaintiffs. This Court reversed in Gidwani v. Roberts, 248 So. 3d 203 (Fla. 3d DCA 2018), finding that genuine issues of material fact regarding who owned the subject parking spaces precluded summary judgment for plaintiffs. The case was thus remanded for trial.

Subsequently, after a two-day bench trial was held in May 2019, the court entered Final Judgment for plaintiffs on June 2, 2019. Regarding Count I for declaratory judgment, the court found that the parking spaces were assigned appurtenant to plaintiffs' unit and were included in the sale to plaintiffs at the time they purchased their unit at the Decoplage in 1998 and not to defendants when they purchased their unit in 2011. The trial court deemed Count II for injunction to be moot because the spaces were sold by the plaintiffs in 2016 during pendency of the litigation below. As to Count III for damages, plaintiffs sought to have defendants disgorge $6,700 defendants had earned by renting the two parking spaces out to others during the time plaintiffs owned the parking spaces. The trial court found in favor of plaintiffs on Count III, but only awarded $1.00 in nominal damages to plaintiffs because it found that plaintiffs did not meet their burden to prove damages, "as there was insufficient testimony adduced showing that Plaintiffs had or were going to rent the Spaces during the time that

4

Defendants deprived Plaintiffs of their right to use the Spaces." Finding that plaintiffs had prevailed on Count I, the trial court found plaintiffs were the prevailing parties and thus were entitled to an award of reasonable attorney's fees and costs, according to section 31.03 of the Decoplage's Declaration of Condominium and section 718.303(1), Florida Statute (2019). The trial court reserved jurisdiction regarding the amount of fees and costs. Defendants moved for rehearing, which the trial court denied.

Defendants appealed the Final Judgment to this Court, contending that the trial court erred in entering declaratory judgment in plaintiffs' favor, and in the alternative, that the trial court erred in finding that plaintiffs were entitled to attorneys' fees as the prevailing party. On August 5, 2020, this Court affirmed the trial court's judgment in its entirety. Gidwani v. Roberts, 306 So. 3d 1054 (Fla. 3d DCA 2020). This Court also found plaintiffs were entitled to appellate attorneys' fees. The case then returned to the trial court a second time to determine the reasonable amount of attorney's fees and costs.

Meanwhile, on December 10, 2019, plaintiffs had filed their "Motion to Determine Reasonable Amount of Attorneys' Fees and Costs," seeking $266,476.25 in attorneys' fees and $22,535.39 in costs. Plaintiffs filed supporting attorney affidavits, detailed contemporaneous time records, and

a fee expert affidavit detailing the expert's lodestar analysis. Plaintiffs also filed "Plaintiffs' Corrected Notice of Filing Supplemental Affidavit," which was plaintiffs' trial counsel's supplemental affidavit regarding plaintiffs' costs. Defendants filed their response and objections, contesting entitlement, arguing for a lower award of attorney's fees and costs. They also attached a report by their fee expert, Debra L. Feit, which did not set forth a lodestar analysis. Evidentiary hearings before the trial court were held on three separate days: October 7, 2020; December 8, 2020; and February 1, 2021. The parties stipulated that the hourly rates being charged by plaintiffs' lawyers were reasonable.

On June 14, 2021, the trial court entered its eleven-page "Order on Plaintiffs' Motion to Determine Reasonable Amount of Attorneys' Fees and Costs" upon which its Final Judgment is based. First, the trial court did not undo the predecessor judge's order finding plaintiffs were entitled to attorney's fees, as defendants had requested. Next, in determining the reasonableness of the attorney's fees, the trial court followed the lodestar approach as set out in <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985). The trial court found that plaintiffs met their burden of presenting evidence via affidavits, contemporaneous time records, and expert report and testimony detailing the nature and extent of services

6

performed by their attorneys. The trial court stated that the burden then shifted to the defendants to point out with specificity which hours should be deducted. The court outlined in detail why defendants did not meet their burden and thus found that the rates and fees charged were reasonable. It awarded the plaintiffs $266,476.25 in attorneys' fees. In addition, the court awarded plaintiffs $18,258.28 in costs, also detailed in its order. Defendants moved for rehearing, and another evidentiary hearing was held before the trial court on August 23, 2021. On September 21, 2021, the trial court denied the motion for rehearing. Defendants now file this third appeal.

Defendants argue that 1) plaintiffs lacked standing to bring the action, and there was no case or controversy before the trial court or this Court from which to impose fees and costs; 2) the amount of attorney's fees and litigation costs assessed were excessive, disproportionate to the results obtained, and not sufficiently proved; and 3) because the attorney's fee award was excessive and reflected unclaimed appellate attorneys' fees and duplicative billing, it is unreasonable. Plaintiffs answer that the trial court never lost jurisdiction; the trial court's order determining fees and costs is supported by substantial competent evidence; and defendants have not made any argument to reduce any of the costs award.

"An appellate court reviews issues of jurisdiction under a *de novo* standard of review." Graves v. State, 331 So. 3d 210, 212 (Fla. 4th DCA 2022). Furthermore, "[t]he standard of review for an award of attorney's fees is abuse of discretion." Bateman v. Serv. Ins. Co., 836 So. 2d 1109, 1111 (Fla. 3d DCA 2003). Judicial discretion is abused:

> when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). Factual findings are reviewed to determine whether they are "supported by competent, substantial evidence," and the "findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous." Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018).

## DISCUSSION

### I. Jurisdiction

Defendants first claim that the trial court lost jurisdiction over the case when, during the pendency of the underlying case in the trial court, plaintiffs sold their rights to the subject parking spaces in March 2016. They claim that plaintiffs should not have been awarded attorneys' fees for the period that

defendants contend the trial court did not have jurisdiction over the case. Plaintiffs counter that the trial court never lost jurisdiction over the case because on August 5, 2020, this Court affirmed the trial court's judgment in its entirety. Gidwani, 306 So. 3d at 1054. Consequently, this Court has already implicitly determined in that opinion that the trial court had jurisdiction over the case. Thus, defendants' argument on this issue is without merit.

## II.    Competent substantial evidence to support the trial court's order determining fees and costs

Defendants next contend that the amount of attorneys' fees and costs assessed were excessive, disproportionate to the outcome, and not sufficiently proved. However, defendants have not shown how the trial court abused its discretion in determining the lodestar amount and determining fees and costs.

Adhering to Rowe, this Court in Universal Property & Casualty Insurance Company v. Deshpande, 314 So. 3d 416, 419 (Fla. 3d DCA 2020), stated:

> In determining the amount of attorneys' fees to be awarded, a trial court is required to use the lodestar approach and consider the eight criteria set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). "Under Rowe, a trial court must first determine the lodestar amount, which is the number of attorney hours reasonably expended multiplied by a reasonable hourly rate." Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122,

1126 (Fla. 2017) (citing Rowe, 472 So. 2d at 1150–51). "The trial court must set forth 'specific findings' as to its determination of the number of hours, the hourly rate, and any reduction or enhancement factors." Id. (citing Rowe, 472 So. 2d at 1151). We review the trial court's evidentiary findings regarding the attorneys' fee award for competent, substantial evidence. Pazmino v. Gonzalez, 273 So. 3d 1056, 1059 (Fla. 3d DCA 2019).

Thus, the trial court must first determine the "lodestar" amount, which is the number of attorney hours reasonably expended multiplied by a reasonable hourly rate. Rowe, 472 So. 2d at 1150-51. In calculating the hourly rate, the trial court is to consider all eight Rowe factors "except the 'time and labor required,' the 'novelty and difficulty of the question involved,' the 'results obtained,' and '[w]hether the fee is fixed or contingent.'" Id. The trial court must set forth "specific findings" as to its determination of the number of hours reasonably expended, the hourly rate, and the appropriateness of any reduction or enhancement factors. Id. at 1151. "Once the court determines a lodestar figure, it may add or subtract from that fee based on a 'contingency risk' factor and the 'results obtained.'" Id. "If the court decides to adjust the lodestar, it must state the grounds on which it justified the enhancement or reduction." Id. "[T]he trial court has 'broad discretion' to award fees; on appeal, this court will reverse a fee award only if there has been an abuse of discretion." Schmitz v. Schmitz, 891 So. 2d 1140, 1141-42 (Fla. 4th DCA 2005).

10

Here, the record reflects that the trial court adhered to Rowe. The trial court's order awarding fees set forth specific findings as to time reasonably expended, the hourly rate (to which both parties stipulated as being reasonable), as well as the appropriateness of any other reduction or enhancement factors. Rowe, 472 So. 2d at 1151. On page 2 of the trial court's "Order on Plaintiffs' Motion to Determine Reasonable Amount of Attorneys' Fees and Costs," the court cited Rowe and outlined the factors to be considered. The court noted that the first step in the lodestar analysis required the court to determine the number of hours reasonably expended in the litigation. Regarding hours reasonably expended, the trial court stated it "should first look to 'accurate records kept by counsel,' that detail 'the dates, amount, and specific services provided.'" The trial court reviewed plaintiffs' expert's affidavit, as well as plaintiffs' counsels' affidavits and records and contemporaneous detailed time sheets. The trial court further stated that he accepted plaintiffs' fee expert, Michael Kurzman, as an expert and noted that Mr. Kurzman determined that the reasonable hours and fees expended was 782.37 hours, totaling $266,476.25 in fees, after applying certain deductions. He found this was a reasonable fee award for the six years of legal work and that the various hourly rates charged were lower than the reasonable hourly rates charged in South Florida. The trial court

11

accepted Mr. Kurzman's deduction for credits or professional courtesy discounts of $9,900.00 and 1.8 hours at $385/hour because there was a May 2018 entry related to an appeal. The trial court then found that plaintiffs "met their burden of presenting evidence by way of affidavits, contemporaneous time records, an expert report and testimony detailing the nature and extent of services performed by their attorneys." The trial court stated that the burden then shifted to defendants "to point out with specificity which hours should be deducted."

Also, the trial court noted that the defendants argued that because plaintiffs sold the parking spaces for $52,500, then the reasonable attorneys' fees could not exceed that amount. The defendants argued that reasonable attorneys' fees would be 1/3 of $52,500 because they contended plaintiffs only prevailed under the declaratory judgment count. The court rejected this argument.

Here, the record does not reflect that Count I for declaratory judgment as to when the two parking spaces had been assigned involved an attempt to declare the value of the spaces. The record does not contain any evidence on the valuation of the two parking spaces. Accordingly, as plaintiffs contend, because there was no evidence or testimony presented as to the valuation

12

of the spaces, there is no support for defendants' contention that the spaces were valued at $52,500.

In addition, the amount at issue is only one factor to be considered. Plaintiffs' expert, Mr. Kurzman, was asked on cross-examination if the amount of attorneys' fees plaintiffs were seeking was reasonable if the value of the asset was only $52,500. He answered "Yes." He further testified that:

> [T]here is no case filed here in Florida that says the amount involved dictates the amount of the case. I have seen cases where an insurance claim was fighting over an MRI, which was like $1,000, and they ran up $300,000 in fees fighting over the entitlement to the MRI, and the Court said that was reasonable.

Mr. Kurzman also testified that in addition to the issue regarding who owned the parking spaces, also at issue was the parties' exposure to an attorneys' fees award. Thus, the record reflected that for the six years the case was litigated, plaintiffs' attorneys reasonably expended 782.37 hours. The rate charged was reasonable, as it was below the average South Florida rate, and importantly, the parties stipulated to the hourly rate.

Furthermore, defendants' expert, Ms. Keit, argued that it was unreasonable for anyone to spend more than $50,000 on attorneys' fees in the underlying case, but she also conceded that defendants incurred much more than $50,000 in attorneys' fees at the trial court level. During her testimony, Ms. Feit did not dispute that based on defendants' own

interrogatory responses, defendants' second trial law firm charged $43,023.50 for only five months of representation. Their third trial law firm charged $83,625.00 for six months of legal work. Ms. Feit testified that she charged $8,200.00 for her expert time alone.

Here, the trial court found that 782.37 in legal hours was expended over the course of the six years. In Brake v. Murphy, 736 So. 2d 745 (Fla. 3d DCA 1999), this Court found that the hours were excessive in a case where attorneys spent 2,219.50 hours over two years. In State Farm Fire & Casualty Company v. Palma, 524 So. 2d 1035, 1037 (Fla. 4th DCA 1988), the Fourth District Court of appeal affirmed a recovery of $253,500 in attorney's fees for litigation to recover a $600 medical bill. Thus, we find that the trial court satisfied the mandatory requirements of Rowe, and defendants failed to show how the trial court abused its discretion. The "Order on Plaintiffs' Motion to Determine Reasonable Amount of Attorneys' Fees and Costs" and the evidentiary hearing transcripts reveal that, in determining reasonableness, the trial court considered applicable case law and competent expert testimony. Burton Family P'ship v. Luani Plaza, Inc., 276 So. 3d 920, 923 (Fla. 3d DCA 2019) (holding that there was no abuse of discretion shown when the trial court's award was based upon competent evidence and expert testimony).

## III. Plaintiffs concede to a reduction for inadvertent inclusion of appellate attorneys' fees invoice

Next, in their Answer Brief, plaintiffs concede that Invoice No. 48892 reflecting $19,012.50 for fifty-four (54) hours of appellate work was inadvertently included in the invoices in support of plaintiffs' motion for fees, and thus mistakenly included in the trial court's lodestar analysis. Plaintiffs were only seeking attorneys' fees for trial work. Thus, they concede that a reduction of $19,012.50 is to be taken from the $266,476.25 attorney's fee award. Accordingly, the correct amount would be $247,463.75 based on 728.37 hours (782.37 hours minus the fifty-four (54) appellate attorney hours).

## IV. Credibility of witnesses

Regarding the credibility of the expert witnesses, "[t]he quality of that testimony and the weight to be assigned thereto were matters properly for consideration and determination by the trial court." South Dade Farms, Inc. v. Atlantic Nat'l Bank, 222 So. 2d 275, 278 (Fla. 3d DCA 1969). At four hearings that took place before the trial court, the court weighed the credibility of the witnesses, and the court did not find Ms. Feit's testimony to be as credible as that of Mr. Kurzman's. In her cross-examination, Ms. Feit

was discredited when she admitted that she lied in her Report when she stated that she had been an associate in 2011 and 2012 for Tonja Haddad, PA firm. At the hearing, she testified she was not admitted into the Florida Bar until July 2013. Ms. Feit further admitted that she was currently the subject of two Florida Bar Complaints regarding her billing practices, one of which was before the grievance committee. And finally, Ms. Feit's 117-page Report did not provide a lodestar analysis.

## V. Defendants have not made any argument to reduce any costs awarded

As plaintiffs correctly contend, defendants have not made any argument for the reduction of costs in their Initial Brief or Reply Brief, thus the $18,258.28 in costs award is affirmed.

## CONCLUSION

The record on appeal establishes that the trial court's "Order on Plaintiffs' Motion to Determine Reasonable Amount of Attorneys' Fees and Costs" was supported by competent, substantial evidence. Thus, the trial court did not abuse its discretion in entering Final Judgment for plaintiffs. Defendants would like this Court to substitute its judgment for that of the trial court, but that is something this Court cannot do. Shaw v. Shaw, 334 So. 2d

16

13, 16 (Fla. 1976) (holding "[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it."). For these reasons and because plaintiffs have conceded error on the inclusion of the appellate attorneys' fees invoice, we reverse the "Final Judgment on Damages Against Defendants" in part and remand to the trial court to reduce the amount of attorneys' fees awarded from $266,476.25 to $247,463.75, which reflects the deduction of the fifty-four (54) hours of appellate attorneys' fees plaintiffs conceded was erroneously included in the attorneys' fees award. In addition, the trial court is to recalculate the prejudgment interest. We affirm the remainder of the award in the Final Judgment as it relates to costs. The trial court's August 13, 2021 "Order on Defendants Suresh Gidwani and Bina Gidwani's Motion for Rehearing of Plaintiff's Motion for Final Judgment" is affirmed, as the trial court already granted defendants the relief they requested in that motion. We reverse in part the trial court's September 21, 2021 order, insofar as the $266,476.25 attorneys' fees figure and prejudgment interest needs to be reduced and recalculated, respectively, for the aforementioned reasons. The costs award is affirmed.

Affirmed in part; reversed in part; and remanded with instructions.

17