# Third District Court of Appeal
## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1455
Lower Tribunal No. 16-14752
_____

**SafePoint Insurance Company**,
Appellant,

vs.

**Eligio Castellanos and Isabel Siles,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Bickford & Chidnese, LLP, and Patrick M. Chidnese and Frieda C. Lindroth (Tampa), for appellant.

The Monfiston Firm, PA, and Daniel Monfiston, for appellees.

Before FERNANDEZ, SCALES, and GORDO, JJ.

GORDO, J.

SafePoint Insurance Company ("SafePoint") appeals from a post-judgment order awarding attorney's fees and costs to The Monfiston Firm, PA and Daniel L. Monfiston (collectively, "Monfiston").[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in part, reverse in part and remand for recalculation of the fee award.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Insureds filed a complaint against SafePoint following the denial of their January 2016 hurricane damage claim. At the end of 2019, the parties settled the substantive claims, leaving only their claim for entitlement to fees. The Insureds sought statutory attorney's fees pursuant to then-controlling section 627.428, Florida Statutes,[2] and based on the Quanstrom and Rowe lodestar factors.[3] The trial court ultimately entered an order granting entitlement to attorney's fees, to be followed by an evidentiary hearing on the amount.

At the evidentiary fee hearing, Monfiston asked for a statutory lodestar amount and additionally requested a 2.0 contingency fee multiplier.

---

[1] Counsel for Eligio Castellanos and Isabel Siles (collectively, "Insureds").

[2] The applicable statute at the time of this litigation, section 627.428(1), Florida Statutes, and the Rules Regulating the Florida Bar, required that all fees awarded by the court be reasonable.

[3] Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990); Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

2

SafePoint agreed with the statutory fee entitlement but opposed the request for a multiplier, arguing that Monfiston had not shown the required necessity to apply a multiplier considering the contingency fee arrangement between the Insureds and their counsel. SafePoint also objected to specific billing entries that its expert contended were excessive, duplicative or improperly billed.

Monfiston argued his rate of $600 per hour was reasonable as a result of his acceptance of a contingency case under current market conditions. As to the contingency fee multiplier, Monfiston argued that a 2.0 multiplier in a contingency case was "supported by case law," and the purpose of multipliers is to "balance the playing field."

SafePoint's counsel responded that the Insureds' counsel had a guarantee of payment when he took the case and pointed out that there are many lawyers in the area who would take a first-party insurance dispute without the guarantee of a multiplier. SafePoint's counsel further noted that the Insureds' fee expert did not testify to the unavailability of competent counsel absent a multiplier. SafePoint's counsel asserted that the issues involved were not novel or complex such that a multiplier was warranted and disputed the Insureds' expert's testimony that the purpose of a multiplier was necessary to "send the insurance companies a message."

3

After hearing arguments from counsel and testimony from both parties' expert fee witnesses, the trial court awarded Monfiston $650 per hour, for a lodestar amount of $73,881.50. In the final judgment, the trial court additionally concluded that the evidence presented met the standards set forth in Citizens Property Insurance Corporation v. Laguerre, 259 So. 3d 169 (Fla. 3d DCA 2018) and applied a 2.0 multiplier. The order awarded costs to the Insureds of $9,684.85, entering final judgment in the amount of $157,447.85.

On rehearing, SafePoint argued there was no evidence that the market required a multiplier in order to obtain competent counsel in this first-party insurance case and that the Insureds failed to present any evidence about the novelty of the issues involved or whether acceptance of this employment would preclude Monfiston from other employment such that a multiplier was warranted. Further, SafePoint argued the $650 per hour awarded to the Insureds' attorney was an arbitrary deviation upward from the amount requested. The trial court summarily denied the motion for rehearing. This appeal followed.

**ANALYSIS**

Both the fee award and application of a multiplier are reviewed for an abuse of discretion. Attorney's Title Ins. Fund, Inc. v. Landa-Posada, 984

4

So. 2d 641, 643 (Fla. 3d DCA 2008); <u>Babun v. Stok Kon + Braverman</u>, 335 So. 3d 1236, 1240 (Fla. 3d DCA 2021); <u>United Auto. Ins. Co. v. Padron</u>, 775 So. 2d 372 (Fla. 3d DCA 2000).  This Court reviews evidentiary findings regarding an attorney's fee award for competent substantial evidence. <u>Universal Prop. & Cas. Ins. Co. v. Deshpande</u>, 314 So. 3d 416, 420 (Fla. 3d DCA 2020); <u>Pazmino v. Gonzalez</u>, 273 So. 3d 1056, 1059 (Fla. 3d DCA 2019).

### I. Lodestar Determination

Where entitlement to an attorney's fee award is warranted, the "lodestar" method[4] provides the criteria to be applied by the trial court in calculating a reasonable attorney's fee.  <u>Joyce v. Federated Nat'l Ins. Co.</u>, 228 So. 3d 1122, 1126 (Fla. 2017).  The trial court is required to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. <u>Id.</u> (citing <u>Rowe</u>, 472 So. 2d at 1151).  The party requesting the fee bears the burden of presenting satisfactory evidence to establish that the requested rate accords with the prevailing market rate and that the hours are reasonable.  <u>Id.</u> at 1150–51.  We find the record contains competent substantial evidence to support a lodestar determination that Monfiston's

---

[4] <u>See</u> <u>Rowe</u>, 472 So. 2d at 1145.

$600 hourly rate is reasonable given his expertise and current market conditions. We do not, however, find any justification for the trial court's award of $650 per hour—an extra $50 per hour than what Monfiston requested. Accordingly, we reverse that part of the fee order finding that $650 was a reasonable hourly rate and remand for recalculation of the lodestar based on an hourly rate of $600.

### II. Multiplier Determination

In Quanstrom, the Florida Supreme Court provided three factors a trial court must consider in determining whether to apply a contingency fee multiplier:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Quanstrom, 555 So. 2d at 834. Importantly, "[e]vidence of these factors must be presented to justify the utilization of a multiplier." Id. "While the trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion, the trial court's findings as to the multiplier must be supported by competent, substantial evidence." Deshpande, 314 So. 3d at 420.

Although the time and labor required was argued by the parties during the evidentiary hearing, there was no testimony from the Insureds that they had any difficulty retaining counsel to litigate this insurance dispute with or without a multiplier, and the trial court failed to make any findings regarding the novelty and difficulty of the question involved or whether the client could find any other competent attorney in the relevant market to handle the case. "If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." USAA Cas. Ins. Co. v. Prime Care Chiropractic Centers, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012). Similarly, there was no evidence that Monfiston could not mitigate against the risk of nonpayment, and the trial court made no findings regarding the skill required to perform these particular legal services properly or the likelihood that the acceptance of this particular employment would preclude other employment by Monfiston. Although the Insureds' underlying case took three years to litigate, there was no testimony that Monfiston was entirely dependent on the outcome of this case and could not take other cases. Monfiston's rationale for applying a multiplier is not supported by case law or any evidence in the record. See Certain Underwriters at Lloyd's London v. Candelaria, 339 So. 3d 463, 471 (Fla. 3d DCA 2022) (holding that because the evidence and testimony presented at

7

the evidentiary hearing wholly failed to address whether "the plaintiffs [could] afford a retainer or hourly fees," the Insureds failed to present competent substantial evidence as to "whether the attorney was able to mitigate the risk of nonpayment in any way") (citations omitted).

Because the record is devoid of competent substantial evidence that the relevant market required a contingency fee multiplier to obtain competent counsel and because the trial court failed to make any specific findings to support the application of one, we reverse the trial court's application of the 2.0 contingency multiplier. Deshpande, 314 So. 3d at 421; Impex Caribe Corp. v. Levin, 338 So. 3d 13, 16 (Fla. 3d DCA 2022) (reversing contingency fee multiplier where no evidence was presented to show that the relevant market required a contingency fee multiplier to obtain competent counsel).

### III. Withdrawal of Attorney Glezil's Time

As a final matter, we note that the trial court granted Attorney Glezil 1.5 hours billed at $375 per hour although the record shows that the parties conceded that Attorney Glezil's time had been withdrawn and, therefore, his time was not compensable. We reverse that portion of the fee order.

### CONCLUSION

We conclude the trial court abused its discretion by gratuitously increasing counsel's hourly rate and by applying a contingency multiplier

8

unsupported by competent substantial evidence.  We therefore affirm that portion of the July 21, 2022, final fee judgment determining the lodestar amount of fees to which Monfiston is entitled, but reverse the portion of the lodestar fee order granting Monfiston $650 per hour and remand with instructions to recalculate based on $600 per hour.  We additionally reverse that portion of the fee order applying a contingency fee multiplier, as well as the 1.5 hours at $375 per hour billed for Attorney Glezil.

Affirmed in part; reversed in part and remanded for further proceedings.