# Third District Court of Appeal
## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0338
Lower Tribunal No. 20-13094
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Abel Medero,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Link & Rockenbach, P.A., and Kara Rockenbach Link, and David A. Noel (West Palm Beach), for appellant.

Jenkins Law, P.L., and Jim Jenkins  and Amanda Sidman (St. Petersburg), for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Universal Property and Casualty Insurance Company appeals from a Final Judgment awarding attorney's fees and costs to Abel Medero, Plaintiff below. The trial court awarded a $150 hourly rate increase over a contractually agreed amount and a 1.8 contingency fee multiplier.[1] For the reasons set forth below, we reverse and remand for recalculation of the lodestar fee award.

## I. BACKGROUND

This appeal arises out of a 2019 water damage claim against Universal. Universal admitted full coverage and paid an amount allegedly insufficient to cover the damages; the issue of scope and pricing remained. The parties subsequently notified the trial court they were in the process of finalizing a settlement. When several months passed without a signed settlement or resolution of the amount of fees due and owing, Plaintiff moved to enforce the agreement and for sanctions.

At the initial October 10, 2023 fee hearing, the trial court noted that Universal had failed to comply with preliminary court orders and, as a result, Universal had caused significant delays in resolving the case. Considering this, the trial court reset the fee hearing for the sole purpose of allowing Universal to prepare cross-examination of Plaintiff's witnesses and further

---

[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

precluded Universal from proffering evidence or from making objections as a sanction for its failures to comply with court orders.

During the January 22, 2024 reset fee hearing, Mr. Hendricks, Plaintiff's attorney, testified he reviewed his firm's billing records and concluded they accurately reflected the time spent by the firm on Plaintiff's case. The records were admitted into evidence. Plaintiff's fee expert, Mr. Terry, testified that he was familiar with the case law governing fees, the local marketplace of attorneys that handle first-party property cases, the risks associated with trying such cases, and the possibility of obtaining a multiplier for fees.

Mr. Terry noted that the retainer agreement between attorney Hendricks and Plaintiff reflected a $400 per hour rate. Mr. Terry opined that someone of Mr. Hendricks's expertise would ordinarily be worth $550 per hour. Thus, Mr. Terry explained, he increased some of Plaintiff's attorneys' hourly rates from $400 to $550 per hour based on his estimation of their experience. The retainer agreement was not admitted into evidence. Taking into consideration some subtractions for duplicate entries, Mr. Terry provided the trial court with his lodestar fee calculations both with and without the multiplier.

When asked if he had formed an opinion as to the appropriateness or reasonableness of a contingency multiplier, Mr. Terry offered that he was "not entirely sure" that Plaintiff's law firm "would not have taken this case on from the get-go," without a multiplier, given the risk of protracted litigation. Further, Mr. Terry agreed that a multiplier tends to attract more competent counsel to a contingency case. He testified that in reviewing the retainer agreement between Plaintiff and Jenkins Law, he noted that the fee agreement was strictly contingency. He explained the risks involved in a contingency case, opining that a 1.8 multiplier would be appropriate because this was a covered cause of loss. When Universal questioned Mr. Terry, asking, "Have you looked at whether or not other law firms would have accepted this case back in June of 2020?" Mr. Terry answered, "No sir, I haven't." Universal's counsel then sought to proffer his expert's testimony that a multiplier was not warranted for this kind of case in Miami-Dade County. The trial court denied the request, reminding Universal that it had previously been precluded from proffering evidence.

The trial court made no oral pronouncement or findings at the conclusion of the evidentiary fee hearing regarding the lodestar fees, the $150 increase over and above the hourly rate, or reasonableness of a 1.8 contingency fee multiplier. It thereafter rendered the Final Judgment and

4

order on fees that is the subject of this appeal. In its order, the trial court found Plaintiff's witnesses' testimony regarding the reasonableness of the fees was competent and substantial. The court granted Plaintiff's lodestar fees and costs with the additional $150 per hour increase over the contractual rate. On top of that, it granted Plaintiff's request for a 1.8 multiplier. The order, however, did not make any specific findings pursuant to the Quanstrom and Rowe requirements,[2] but only generally stated that the fees and multiplier were awarded "pursuant to" the factors found in those cases. Plaintiff timely appealed.

## II.    STANDARD OF REVIEW

We review the fee award, including the per hour rate enhancement and the application of a multiplier, for an abuse of discretion. SafePoint Ins. Co. v. Castellanos, 394 So. 3d 731, 734 (Fla. 3d DCA 2024); Attorney's Title Ins. Fund, Inc. v. Landa-Posada, 984 So. 2d 641, 643 (Fla. 3d DCA 2008); Babun v. Stok Kon + Braverman, 335 So. 3d 1236, 1240 (Fla. 3d DCA 2021); United Auto. Ins. Co. v. Padron, 775 So. 2d 372, 373 (Fla. 3d DCA 2000). Although a trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion, the trial court's findings as to the

---

[2] Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985); Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990).

5

multiplier itself must be supported by competent substantial evidence. Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 420 (Fla. 3d DCA 2020); Pazmino v. Gonzalez, 273 So. 3d 1056, 1059 (Fla. 3d DCA 2019). Reversal is required if a trial court fails to include specific findings supporting the application of a multiplier. Speer v. Mason, 769 So. 2d 1102, 1105 (Fla. 4th DCA 2000).

### III.   ANALYSIS

Although there is competent substantial evidence in the record to support Plaintiff's attorneys' fees at Plaintiff's agreed-upon rate of $400 per hour, there is no competent substantial evidence for either the $150 per hour fee increase or any justification for application of a 1.8 contingency fee multiplier.

Other than Mr. Terry's arbitrary hourly fee enhancement based on his opinion that certain of Plaintiff's attorneys rated a higher per hour fee, there is nothing in the record to support the $150 per hour increased fee award. See SafePoint, 394 So. 3d at 734 ("The party requesting the fee bears the burden of presenting satisfactory evidence to establish that the requested rate accords with the prevailing market rate and that the hours are reasonable."). Further, the trial court failed to provide any rationale for the $150 per hour rate increase added into the lodestar calculations by Plaintiff's

6

expert.  See id. (reversing the trial court's award of an additional hourly fee rate above the agreed amount where no justification was provided); Sunday v. Sunday, 610 So. 2d 62, 62 (Fla. 3d DCA 1992) (reversing the fee award as "the trial court failed to make specific findings regarding the number of hours reasonably expended and a reasonable hourly rate for the attorney's services" (citing Rowe, 472 So. 2d 1145)).

Further, the trial court failed to make any of the specific findings required by Rowe to support its determination of the lodestar amount of attorneys' fees to be awarded.  Pursuant to Rowe, the proof required at a hearing on a party's motion to assess fees must include the following:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

472 So. 2d at 1150. There is no competent substantial evidence in the record to support these factors.

Regarding the contingency fee multiplier, we hold that the evidence presented at the evidentiary hearing did not address or support the factors required by Quanstrom. To apply a multiplier to a contingency fee, a trial court must consider the following:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Quanstrom, 555 So. 2d at 834. Quanstrom also requires that "[e]vidence of these factors must be presented to justify the utilization of a multiplier." Id.

Mr. Terry testified that a contingency fee multiplier was useful in securing experienced counsel. He did not suggest that it was necessary in this case. Moreover, his broad assertion does not provide the competent substantial evidence necessary to establish whether the Miami-Dade market required a multiplier for this kind of case. See Impex Caribe Corp. v. Levin,

8

338 So. 3d 13, 16 (Fla. 3d DCA 2022) (reversing contingency fee multiplier where no evidence was presented to show that the relevant market required a contingency fee multiplier to obtain competent counsel); USAA Cas. Ins. Co. v. Prime Care Chiropractic, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012) ("If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded."); Fla. Peninsula Ins. Co. v. Wagner, 196 So. 3d 419 (Fla. 2d DCA 2016) (law firm representing insureds in property insurance dispute was not entitled to contingency fee multiplier following judgment in insureds' favor when there was no evidence that local legal market could not have provided competent counsel for insureds' case at prevailing hourly rates); PHH Mortg. Corp. v. Schreiber, 49 Fla. L. Weekly D2408 (Fla. 5th DCA Nov. 27, 2024) (reversing and remanding for the trial court to enter an amended judgment without the contingency multiplier where expert's testimony merely made general statements about fee multipliers); Foot & Ankle Ctr. of Fla., LLC v. Vargas, 49 Fla. L. Weekly D887, D888 (Fla. 6th DCA Apr. 19, 2024) ("The imposition of a multiplier in this case fails that factorial analysis right from the start. Despite the trial court's finding as to the first factor—that 'the relevant market requires the application of contingency risk multiplier to incentivize

effective counsel to undertake the representation of [Vargas]'—Vargas presented no evidence on this point." (alteration in original)).

The record contains no real discussion whether Plaintiff had any difficulty retaining counsel to litigate this insurance dispute with or without a multiplier. Plaintiff's attorney, Mr. Hendricks, did not testify as to the need for a multiplier, only as to the accuracy of the billing records. When questioned by Universal on cross examination whether Plaintiff's firm was precluded from taking any other cases because of Plaintiff's case, Mr. Hendricks responded, "I don't understand your question." When Mr. Terry was asked whether he was aware of any cases that Mr. Hendricks was precluded from accepting because of Plaintiff's lawsuit, he answered in the negative. See Certain Underwriters at Lloyd's London v. Candelaria, 339 So. 3d 463, 468 (Fla. 3d DCA 2022) (holding that no competent substantial evidence was presented regarding counsel's ability to mitigate the risk of nonpayment).

More importantly, the trial court failed to make any findings regarding the novelty and difficulty of the question involved or whether the Plaintiff could find any other competent attorney in the relevant market to handle the

10

case, which would warrant a multiplier.[3] See SafePoint, 394 So. 3d at 735.

There is thus no competent substantial evidence to show that Plaintiff's counsel would not have been able to take the case without a multiplier.

The record contains no competent substantial evidence to support the additional award of the $150 hourly rate increase or the application of a 1.8 contingency fee multiplier. Additionally, the trial court's order failed to include the specific findings required by Rowe and Quanstrom in support of these fee enhancements. See Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1126 (Fla. 2017) ("The trial court must set forth 'specific findings' as to its determination of the number of hours, the hourly rate, and any reduction or enhancement factors." (quoting Rowe, 472 So. 2d at 1151)); Lizardi v. Federated Nat'l Ins., 322 So. 3d 184, 188 (Fla. 2d DCA 2021) ("In rendering a fee award, trial courts are required to make specific findings to support their conclusions regarding the number of hours reasonably expended, the

_____

[3] "The purpose of the relevant market factor is 'to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier.'" Impex Caribe Corp., 338 So. 3d at 15 (quoting Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1135 (Fla. 2017)). "Importantly, 'evidence of each of these factors must be presented to justify the utilization of a multiplier.'" Candelaria, 339 So. 3d at 470 (quoting Quanstrom, 555 So. 2d at 834).

reasonable hourly rate, and appropriateness of the reduction or enhancement factors."); <u>Foot & Ankle Ctr.</u>, 49 Fla. L. Weekly D887.

## IV.  CONCLUSION

There is no competent substantial evidence in the record to support application of the 1.8 multiplier.  The trial court's order fails to specifically set forth its findings and rationale for the fee award, and specifically, the $150 increase over and above the contractually agreed hourly rate.  We accordingly reverse the order on appeal and remand for recalculation of the lodestar fee amount without the $150 per hour increase and without the 1.8 contingency fee multiplier.

Reversed and remanded with instructions.